CARROLL, DONALD K., Judge.
In her petition for writ of certiorari the petitioner seeks a review of an order of the Florida Industrial Commission finding that her compensation claim under the Florida Workmen’s Compensation Law was filed too late under the applicable statute of limitation.
The times at which various events occurred are important in this consideration. On March 3, 1952, the petitioner-claimant received injuries in an accident arising out of and in the course of her employment with the employer, Francis B. Johnson, who operated a theater in Es-cambia County, Florida. She received injuries to her back in a fall. She was treated for these injuries by a physician and later she was referred to a neurosurgeon, who performed an operation on her on January 13, 1953, in the nature of an ex *69 ploratory operation for herniated disc. She was paid compensation for temporary total disability by the carrier for the period following her operation until July 18, 1953, the last date on which compensation was paid. The carrier voluntarily paid all medical expenses, the last payment for medical expenses being paid on or about December 3, 1953. Since the last date claimant has not been paid any compensation nor has any medical treatment been authorized or medical expenses paid. The claimant returned to her position at the theater on about July 18, 1953, and has continued in such employment at her same job subsequent to that date. From the time she returned to her employment Johnson was aware that she was having difficulty with her back and did everything possible to assist her in carrying out her duties. During 1954 he relieved her from time to time in her duties and often assisted her in order to lighten her duties. During the latter part of 1954 she was allowed time off, averaging one day each month, in order to see the neurosurgeon. In 1955 she was allowed time off in February, March, and June for the purpose of visiting the doctor. In 1956 she was off during the months of February, March, June, July, and October to see the doctor in regard to her back condition, and in 1957 she was off during the months of January, April, May, August, September, and November for the same purpose. During all this time she was paid her full wages and no deduction was made for any of the time she was off to see the doctor nor were any deductions made for her doing lighter work. On February 24, 1955, the theater changed ownership and was closed for a period of time. She filed her claim for compensation with the Florida Industrial Commission on December 4, 1957.
The Deputy Commissioner found that the statute of limitations began running against the claim of the claimant in February, 1955, when the theater changed hands.
At the time the petitioner-claimant filed her claim the applicable statute of limitations provided for a two-year period. The state legislature in 1955 extended the period to three years. Laws 1955, c. 29778, § 4.. In 1957 the legislature amended the law (Chapter 57-192),' F.S.A. § 440.19 to provide for a two-year period, the effective date of which amendatory statute was July 1, 1957.
The Deputy Commissioner found that the statute of limitations began to run against the claimant in February of 1955, when the theater changed hands. He also ruled that, in spite of the 1955 act, the existing statute at the time the period commenced running provided for two years, and therefore the claimant had until February, 1957, to file her claim for compensation.
On appeal to the Florida Industrial Commission, that body, with one member dissenting, found that the act of 1955 served to increase to three years the period within which the claimant could file her claim, but held that the 1957 act reduced the period to two years, extinguishing her right to present her claim, on July 1, 1957, the effective date of the act. The majority of the Commission reasoned that the 1957 bill reducing the period of limitations from three to two years had been filed in the Governor’s office on May 24, 1957, and that this gave five weeks and two days before the effective date of the act of July 1, 1957, which was sufficient time for any person having any claim in existence to file the same. The Commission thus held that the act operated retroactively and that the petitioner would have had only until July 1, 1957, to file her claim.
The chief question before us is whether the Commission erred in holding that the 1957 act was retroactive in effect, so as to bar the petitioner’s claim for compensation unless it was filed by July 1, 1957, for, if the 1955 act, which increased the period of limitations from two to three years, is applicable to petitioner’s claim, she would *70 have until February, 1958, to file her claim, which was actually filed three months before this date, on December 4, 1957.
The decisions of the courts establish that, with reference to existing- claims, different rules of construction are to be applied to statutes extending the period of limitation from those reducing the period.
With reference to statutes extending the period of limitations, the Florida Supreme Court in Denson v. Nelson, Fla., 88 So.2d 120, 122, said:
“ * * * it appears to us that the better-reasoned rule is that if the period allowed by an existing statute has not run when the amending statute takes effect, then if the amending statute lengthens the period allowed, it will be applicable to a pending case."
We agree, then, with the Florida Industrial Commission in the present proceedings that the 1955 act did serve to increase to three years the period within which the petitioner could file her claim. However, we disagree with the Commission in its view that the 1957 act, reducing the period back to two years, was legally applicable to the petitioner’s claim.
We believe that the correct rule as to the retroactive effect of statute reducing the period of limitations is set forth in 34 Am.Jur., Limitations of Actions, Section 43, page 44:
“Although, as already has been noted, it is within the power of the legislature to pass a statute of limitations, or to change the period of limitations previously fixed, and to make such statute or changes applicable to existing causes of action, provided a reasonable time is given by the new law for the commencement of suit before the bar takes effect. Nevertheless, a statute changing the limitations period is not ordinarily construed as having a retroactive effect. On the contrary, in most jurisdictions statutes of limitations are construed as prospective and not retrospective in their operation, in the absence of clear legislative intent to the contrary, and the presumption is against any intent on the part of the legislature to make such a statute retroactive. It has been said that words of a statute ought not to have a retrospective operation unless they are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied. All authorities appear to approve of the rule that statutes will be presumed to have been intended by the legislature to be prospective and not retrospective in their action where a retrospective effect would work injustice and disturb rights acquired under the former law.”
We find nothing in the 1957 act indicating that the legislature in adopting it had any intention to make the statute retroactive, so that it would bar a claim previously affected by a statute providing for a longer period of limitations. We are not impressed with the Commission’s view that five weeks and two days were given to the citizens of Florida, the period between the date the bill was filed in the Governor’s office and the effective date of the act, within which to file their claims promptly so that the claims would not be cut off at the effective date of the 1957 act.
Our conclusion is consistent with the policy expressed in Article III, Section 33, of the Florida Constitution, F.S.A., which provides that no statute “shall be passed lessening the time within which a civil action may be commenced on any cause of action existing at the time of its passage”. While a claim for compensation under the Workmen’s Compensation Law may not be a “civil action” under the constitutional provision, the policy of the State as expressed in this organic law should, we think, be observed with respect to such claims.
*71 We, therefore, grant the petition and issue the writ of certiorari and quash the order of the Florida Industrial Commission. The cause will be remanded to the Commission with directions to enter an appropriate order consistent with the views herein expressed, recognizing the petitioner’s claim for compensation as timely filed.
STURGIS, C. J., and LEWIS, E. CLAY, Associate Judge, concur.