438 So.2d 174 (1983)
Michael MAHONEY, Appellant,
v.
SEARS, ROEBUCK & COMPANY and Crawford & Company, Appellees.
No. AP-299.
District Court of Appeal of Florida, First District.
September 22, 1983.
Alex Lancaster, Sarasota, for appellant.
Keith A. Mann of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, Sarasota, for appellees.
BOOTH, Judge.
Claimant appeals an order of the deputy commissioner denying his request for future remedial medical care for his eyes. Testimony establishes that medical care will be required due to the industrial accident, but at a time in the future probably beyond the two-year statute of limitations of Section 440.19(2)(b), Florida Statutes. Claimant, an 18-year-old, suffered 80 percent loss of vision in his left eye, the equivalent of loss of the eye under Chapter 440, for which he was limited by the statute then in effect to an award of $1,200 permanent total disability benefits.[1]
The deputy commissioner ruled that he was without authority to abrogate the statute of limitations prospectively, so as to preserve claimant's rights to medical benefits anticipated to arise beyond the two-year statutory period. We reluctantly agree and affirm the order appealed. Western Liquors Corporation v. Studer, 391 So.2d 250 (Fla. 1st DCA 1980); Goodyear Service Store v. Rockey, 382 So.2d 816 (Fla. 1st DCA 1980); Luv Auto Sales, Inc. v. Murphy, IRC Order 2-3567, cert. dismissed, 373 So.2d 459 (Fla. 1979). It is unfortunate that, although probable need for future medical care to alleviate the effects of claimant's industrial accident has been established, claimant must go through the form of receiving remedial care every two years in order to preserve the right to future benefits. It is contrary to the basic principles of Chapter 440 to exalt form over substance, particularly where the result is to deprive the worker of needed medical care. However, as recognized by the deputy, it is not the province of the deputy or of this Court, but of the Legislature, to supply appropriate remedy for claimants such as this.
Accordingly, the order below is AFFIRMED.
MILLS and SHIVERS, JJ., concur.
NOTES
[1] Mahoney v. Sears, Roebuck & Company, 419 So.2d 754, 755 (Fla.1st DCA 1982).