710 So.2d 139 (1998)
Herbert GAINES, Appellant,
v.
ORANGE COUNTY PUBLIC UTILITIES and Johns Eastern Company, Appellees.
No. 97-1451.
District Court of Appeal of Florida, First District.
April 17, 1998.
Gary J. Boynton, Orlando; Bill McCabe, Longwood, for Appellant.
Pamela Craig and Rebecca L. Bench of Whittaker, Stump, Webster, Miller & Craig, P.A., Orlando, for Appellees.
VAN NORTWICK, Judge.
In this workers' compensation appeal, Herbert Gaines, the claimant, appeals an order of the judge of compensation claims (JCC) which denied and dismissed his petition for benefits on the grounds that his claim was barred by section 440.19(1)(b), Florida Statutes (Supp.1990), the statute of limitations in effect on February 1, 1991, the date of Gaines' industrial accident. Gaines argues that the statute of limitations was amended effective January 1, 1994, to allow a claimant to raise estoppel to the defense of statute of limitations if the employer or its carrier had failed to advise the claimant of his rights, benefits and obligations under the workers' compensation law as required by section 440.185, Florida Statutes, and that, because his existing claim had not been extinguished under the 1990 statute of limitations as of the effective date of this 1994 amendment, he should have the benefit of the 1994 statute. We agree and reverse.
Gaines injured his left knee on February 1, 1991 in the course and scope of his employment. He received treatment for his knee injury and was released by his treating physician with a 3% permanent impairment on February 5, 1992, the date of the last payment for medical treatment. When, approximately three years later, Gaines requested authorization to return to his treating physician for further treatment to his knee, authorization was denied on the grounds that the statute of limitations had run on any claim for further treatment related to his knee. Claimant filed the instant petition for benefits on July 3, 1996.
Section 440.19(1)(b), Florida Statutes (Supp.1990), provides that all rights for remedial attention shall be time barred unless a claim is filed within two years after the *140 time of the injury, or if compensation has been made or remedial attention provided, a claim may be filed within two years after the date of the last payment of compensation or last remedial attention. This statute was amended in 1989, see chapter 89-289, § 15, at 1763, Laws of Florida, to preclude the tolling of the statute of limitations in cases where the employer or carrier failed to provide the necessary informational materials, unless such omission was intentional and done to deprive the employee of his benefits. Although, prior to this 1989 amendment, section 440.19(1)(b) contained no express provision tolling the statute of limitations in cases where the employer or carrier failed to provide the informational materials required by section 440.185, case law tolled the statute if the employer or its carrier had failed to inform the claimant of his rights under the workers' compensation law. See, e.g., Southern Bell v. MacDonald, 671 So.2d 207, 210 (Fla. 1st DCA 1996).
Effective January 1, 1994, section 440.19(1)(b) was further amended to remove the preclusion on tolling of the statute of limitations adopted in the 1989 amendment. See ch. 93-415, § 23, at 135, Laws of Fla. Section 440.19(4), Florida Statutes (Supp. 1994), reads:
(4) Notwithstanding the provisions of this section, the failure to file a petition for benefits within the periods prescribed is not a bar to the employee's claim unless the carrier advances the defense of a statute of limitations in its initial response to the petition for benefits. If a claimant contends that an employer or its carrier is estopped from raising a statute of limitations defense and the carrier demonstrates that it has provided notice to the employee in accordance with s. 440.185 and that the employer has posted notice in accordance with s. 440.055, the employee must demonstrate estoppel by clear and convincing evidence.
Relying upon Timmeny v. Tropical Botanicals Corp., 615 So.2d 811 (Fla. 1st DCA 1993), the JCC determined that the date of injury establishes the statute of limitations applicable to a pending claim. Accordingly, even though the JCC accepted claimant's testimony that appellees, the employer and servicing agent, did not advise him of his rights, benefits and obligations under section 440.185(2)(f) and (4), Florida Statutes (Supp. 1990), the JCC felt compelled to deny and dismiss Gaines' claim because more than two years had elapsed from the date of his last treatment or payment of compensation. In this ruling the JCC erred.
As a general rule, if a cause of action has not become time barred as of the effective date of a statutory amendment which has the effect of extending the statute of limitations, then a party may take advantage of the statutory amendment which provides additional time within which to file suit. Corbett v. General Eng'g & Mach. Co., 160 Fla. 879, 37 So.2d 161 (1948); Garris v. Weller Constr. Co., 132 So.2d 553 (Fla.1960); Rabon v. Hardway Constr., 651 So.2d 179 (Fla. 1st DCA 1995). As the supreme court stated in Corbett:
A statute of limitations enlarging the time within which an action may be brought as to pending cases is not retroactive legislation and does not impair any vested right.
Corbett, 37 So.2d at 162, (quoting 34 Am.Jur. Limitation of Actions § 29, page 35). A different rule, however, applies to a statute reducing the limitations period. Robinson v. Johnson, 110 So.2d 68, 70 (Fla. 1st DCA 1959). In Robinson, this court explained:
All authorities appear to approve of the rule that statutes will be presumed to have been intended by the legislature to be prospective and not retrospective in their action where a retrospective effect would work injustice and disturb rights acquired under the former law.
Id. (quoting 34 Am.Jur. Limitation of Actions § 43, page 44).
Timmeny does not compel an affirmance. In Timmeny, the accident occurred on February 1, 1987, but the claim was not filed until June 29, 1990, after the effective date of the 1989 amendment to section 440.19 which precluded a claimant from raising the estoppel defense to the statute of limitations. In that case, contrary to section 440.185(2), Florida Statutes (Supp.1986), the employer had failed to notify the claimant that a possible *141 cause of the claimant's disease was his exposure to pesticides at his place of employment. Because of this failure, this court ruled that the employer was estopped from asserting the statute of limitations as a defense. Timmeny, 615 So.2d at 814. The court rejected the employer's assertion that the 1989 amendment to section 440.19 should be applied, ruling that the amendment was clearly substantive in its effect. Id. at 817. This statement, which more accurately might have provided that the amendment was substantive in its effect as to Timmeny, is consistent with the rule explained in Robinson that, where application of an amended statute of limitations would work an injustice and disturb rights acquired under former law, the statute should not be given retrospective effect. See also Wiley v. Roof, 641 So.2d 66 (Fla.1994)(holding that statutory amendment purporting to revive previously time barred action violated Wiley's property right to the defense of the statute of limitations). Thus, Timmeny does not compel application of section 440.19(1)(b), Florida Statutes (Supp. 1990) to this case, and its holding may be harmonized with the line of cases represented by this court's opinion in Raybon.
Accordingly, the cause is REVERSED and REMANDED to the JCC for proceedings consistent with this opinion.
ERVIN, J., concurs.
BENTON, J., dissents with written opinion.
BENTON, Judge, dissenting.
The order under review applied the Workers' Compensation Law as it existed on the date of the industrial accident, and concluded that the petition for benefits was time barred. The judge of compensation claims ruled
that because the Claimant failed to obtain treatment within two (2) years of the date of the last treatment for his work-related injury, and failed to produce competent and substantial evidence that the Employer/Servicing Agent acted intentionally to deprive the Claimant of benefits due under Chapter 440 of the Florida Statutes, the Employee/Claimant's claim for benefits is barred by the statute of limitations in effect at the time of Claimant's accident, § 440.19(1)(b), Florida Statutes (1990).
The court now reverses this ruling stating that Mr. Gaines "should have the benefit of the 1994 statute," ante, at 139, even though Mr. Gaines's trial counsel never argued below that the 1994 statute should govern. I respectfully dissent.
The industrial accident occurred on February 1, 1991. The former employer and its servicing agent provided medical treatment necessitated by the industrial accident through February 5, 1992, but not thereafter. More than four years later, after a wholly unrelated automobile accident, Mr. Gaines initiated the present proceeding against his former employer by filing a petition for benefits on July 3, 1996.
Mr. Gaines argues that a fourth date is somehow significant: effective January 1, 1994, the Workers' Compensation Law was amended. Ch. 93-415, § 22, at 134, § 23, at 135, § 112, at 215, Laws of Fla. Under either version,[1] however, the statute of limitations *142 had run long before Mr. Gaines filed his petition for benefits.
"The rule is that the substantive rights of the parties are fixed by the law in effect on the date of injury, Meek v. Layne-Western Co., 624 So.2d 345 (Fla. 1st DCA 1993); WFTL Broadcasting v. Rowen, 480 So.2d 233, 234 (Fla. 1st DCA 1985); Sullivan v. Mayo, 121 So.2d 424 (Fla.1960), while no party has a vested right in any particular procedure...." McCarthy v. Bay Area Signs, 639 So.2d 1114, 1115-16 (Fla. 1st DCA 1994).
The statute in effect at the time of the accident specifies circumstances[2] in which a claim is not barred even if the statute of limitations runs. We held in Timmeny v. Tropical Botanicals Corp., 615 So.2d 811 (Fla. 1st DCA 1993), that the statutory language specifying circumstances (language which the amendment that took effect January 1, 1994, deleted) was "clearly substantive in its effect, and, because it was enacted after the date of claimant's injury, ... c[ould in that case] be accorded only prospective application." Id. at 817.
The very same provision was in effect when Mr. Gaines's industrial accident took place. The judge of compensation claims understandably relied on Timmeny in holding the 1990 statute applicable because it was in effect at the time of the industrial accident. The court should apply neutral rules of decision consistently and affirm.
NOTES
[1] The petition for benefits was filed more than five years after the industrial accident and more than four years after remedial care had last been furnished. The amended statute, Section 440.19, Florida Statutes (Supp.1994), provides:

(1) Except to the extent provided elsewhere in this section, all employee petitions for benefits under this chapter shall be barred unless the employee, or the employee's estate if the employee is deceased, has advised the employer of the injury or death pursuant to s. 440.185(1) and the petition is filed within 2 years after the date on which the employee knew or should have known that the injury or death arose out of work performed in the course and scope of employment.
(2) Payment of any indemnity benefit or the furnishing of remedial treatment, care, or attendance pursuant to either a notice of injury or a petition for benefits shall toll the limitations period set forth above for 1 year from the date of such payment. This tolling period does not apply to the issues of compensability, date of maximum medical improvement, or permanent impairment.
The statute of limitations in effect at the time of the industrial accident provided:
(1)(a) The right to compensation for disability, rehabilitation, impairment, or wage loss under this chapter shall be barred unless a claim therefor which meets the requirements of paragraph (e) is filed within 2 years after the time of injury, except that, if payment of compensation has been made or remedial treatment or rehabilitative services have been furnished by the employer on account of such injury, a claim may be filed within 2 years after the date of the last payment of compensation of after the date of the last remedial treatment or rehabilitative services furnished by the employer.
§ 440.19(1)(a), Fla. Stat. (Supp.1990).
[2] The statutory language held to be substantive in Timmeny v. Tropical Botanicals Corp., 615 So.2d 811, 817 (Fla. 1st DCA 1993) provides that the

limitations period shall not be tolled or extended by the failure of the employer or carrier to file a notice of injury or any other report or notice required to be filed under this chapter or by the failure of the division, the employer, or the carrier to furnish to the employee or other claimant informational materials required under this chapter, unless such omission by the employer or carrier was intentional and done to deprive the employee of benefits due under this chapter.
§ 440.10(1)(a), Fla. Stat. (Supp.1990).