727 So.2d 961 (1998)
SOLAR PANE INSULATING GLASS, INC., Employers Self Insured Fund, and Claims Center, Appellants,
v.
Bradley J. HANSSEN, Appellee.
No. 97-2285.
District Court of Appeal of Florida, First District.
November 30, 1998.
Rehearing Denied January 6, 1999.
*962 Clay L. Meek of Smith, Hood, Perkins, Loucks, Stout, Orfinger & Selis, Daytona Beach, for Appellants.
Joseph L. Hammons of Hammons & Whittaker, P.A., Pensacola, for Appellee.
BENTON, J.
The order under review awarded "reasonable medical care by the requested authorized physician" for back pain attributed to an industrial accident almost twelve years earlier. The judge of compensation claims ruled that the statute of limitations did not bar Bradley Hanssen's claim for medical benefits, even though Mr. Hanssen had not seen a physician on account of his back after March 17, 1986, until September 7, 1995. The order under review also awards attorney's fees. We reverse.
Leaning over to pick something up, Mr. Hanssen injured his back on August 7, 1985, while working as the manager and co-owner of Solar Pane Insulating Glass, Inc. (Solar Pane). The order under review finds that "the claimant owned one-third of the stock of the employer, his wife owned one-third and another individual owned the remaining third." Mr. Hanssen described himself as the "boss." Solar Pane went out of business in 1988, if not earlier. The record does not establish whether the corporation has been dissolved.
The Employers Self Insured Fund and Claims Center (Claims Center) authorized medical treatment, including a corset or back brace. Mr. Hanssen last visited the doctor who prescribed the corset on March 17, 1986, and last spoke to the doctor about his back on September 22, 1986, "stating he was doing much better." The Claims Center made its last payment for medical treatment on January 14, 1987. There was never any "question as to the E/C's acceptance of responsibility for" the treatment. See Southern Bell v. MacDonald, 671 So.2d 207, 209 (Fla. 1st DCA 1996).
Mr. Hanssen testified that his doctor told him to "try to wean myself off [the corset] whenever I didn't have to wear it because he didn't want my muscles to get weak." The judge of compensation claims credited Mr. Hanssen's testimony that he continued to use the corset nevertheless once or twice a month, until less than two years before he *963 filed the petition for benefits that began the present proceedings in 1995.
Claims Center met the petition with a notice of denial raising, inter alia, the statute of limitations as a defense. Section 440.19(1), Florida Statutes (1985), the statute of limitations in effect at the time of the injury, establishes a two-year limitations period during which claims must be brought. The limitations period does not begin to run, however, until an injured employee is aware that he or she may be entitled to compensation benefits. See MacDonald, 671 So.2d at 210. Section 440.185(2)(e), Florida Statutes (1985), provides:
(2) Within 7 days of actual knowledge of injury or death, the employer shall report such injury or death to the carrier and the employee, on a form prescribed by the division, providing the following information:
. . . .
(e) Such other information as the division may require, including a clear and understandable summary statement of the rights, benefits, and obligations of injured workers under the Workers' Compensation Law.
The duty to provide the required information rests not only on the employer under section 440.185(2)(e), Florida Statutes (1985), but also on the Division of Workers' Compensation under section 440.185(4), Florida Statutes (1985). We take judicial notice of the eleven-page brochure in use by the Division at the time of the accident in the present case. The brochure makes no mention of the statute of limitations.
The judge of compensation claims concluded, however, that the two-year period never began to run because Mr. Hanssen was not informed about the statute of limitations.[1] The order under review finds that Mr. Hanssen had not in fact received "any" statement of rights, benefits and obligations under the Florida Workers' Compensation Law.
For purposes of decision, we assume a duty to furnish Mr. Hanssen a copy of the brochure published by the Division of Workers' Compensation, even though Mr. Hanssen was himself a supervisor who might have furnished brochures to employees. See White House Indus. v. May, 845 P.2d 544, 545-46 (Colo.Ct.App.1992) (holding that, absent "showing of fraud or improper corporate manipulation," the employer's failure to file "first report of injury" tolled the limitations period for an injured corporate vice-president even though he could himself have filed the required report).
Failure to furnish an injured employee the brochure describing benefits to which the employee may be entitled tolls the running of the two-year limitations period, for as long as the employee is unaware of possible entitlement to the benefits. We held in MacDonald, 671 So.2d at 210:
Once the employer receives information that an employee's injury or condition may be work-related, the employer is required to comply with the notice provisions of section 440.185 by informing the employee of his rights. Timmeny v. Tropical Botanicals Corp., 615 So.2d 811, 816 (Fla. 1st DCA 1993). If the employer breaches its duty to inform the employee of his rights, the running of the statute of limitations will be tolled until such time that the employee obtains actual knowledge from any source that he may be entitled to compensation benefits. Id. Because the E/C failed to properly inform the claimant of her possible entitlement to benefits and her obligations under the Workers' Compensation Law, we find that the statute of limitations was tolled until the claimant obtained actual knowledge of her possible entitlement to benefits.
But here, where Mr. Hanssen was fully aware of his entitlement to medical benefits and chose not to request medical benefits for some eight years, his claim for medical benefits is barred if the limitations period has *964 run, whether or not he was aware of the statute of limitations.
In so concluding, we decide the question we did not reach[2] in MacDonald: whether failure to inform an employee of the statute of limitations tolls the running of the limitations period. On this point, we said in Gulfstream Press, Inc. v. Acle, 697 So.2d 213 (Fla. 1st DCA 1997), where the claimant "testified that he was never informed of," id. at 215, the statute of limitations and the judge of compensation claims so found: "We do not disturb that finding of fact, but we do not agree that the statute of limitations was tolled here." Id. at 216. We again conclude that failure to inform an employee of "the intricacies of the statute of limitations," MacDonald, 671 So.2d at 209, does not toll the limitations period, just as Judge Cullen concluded in MacDonald. The purpose of requiring that injured employees receive timely advice of their rights, benefits, and obligations under the Workers' Compensation Law is to facilitate the prompt receipt of benefits due them. Whether or not an injured employee is aware of the statute of limitations, the statute cuts off claims two years after a claimant learns of possible entitlement to benefits, if the claimant does not earlier ask for or receive benefits. See, e.g., Kentucky Fried Chicken v. Tyler, 716 So.2d 295, 300 (Fla. 1st DCA 1998).
Mr. Hanssen had actual knowledge of his right to receive medical benefitsthe only benefits sought in the petition and at issue on appealeven if he never received the notice required by section 440.185(2)(e) and (4), Florida Statutes (1985). Not only did he receive medical benefits as a result of the injury, he testified that he knew "if you get hurt on the job you're going tothey'll take care of your medical bills. Which is no more or less than I was expecting." He further testified: "[T]he only information you ever get on Workman's [sic] Comp is that if you[`re] hurt on the job that you've got ... insurance to pay for the medical bills."
Mr. Hanssen's actual knowledge of entitlement to medical benefits is unmistakable on this record. His complaint was that "no statute of limitations was ever told to us." The two-year statutory limitations period is not tolled by failure to advise an injured worker that a statute of limitations exists.
But the employer's furnishing benefits does toll the limitations period. Under the statute of limitations in effect at the time of the injury, a claim for additional medical benefits is untimely, unless filed within two years of the date the employee was last furnished medical care. See Mahoney v. Sears, Roebuck & Co., 438 So.2d 174 (Fla. 1st DCA 1983). In the case of a medical appliance "the employer or carrier must have actual knowledge that the claimant" continues to use the medical appliance, if the running of the two-year limitations period is to be tolled. Lee v. City of Jacksonville, 616 So.2d 37, 38 (Fla.1993), citing Taylor v. Metropolitan Dade County, 596 So.2d 798 (Fla. 1st DCA 1992). See also Fuster v. Eastern Airlines, Inc., 545 So.2d 268 (Fla. 1st DCA 1988) (holding employer's knowledge that a pilot continued to wear a back brace while flying was sufficient to toll the statute of limitations).
Nobody at the Claims Center had actual knowledge of furnishing any medical benefit after the telephonic consultation on September 22, 1986, nearly nine years before the petition was filed. Solar Pane was defunct for several years before the petition for benefits was filed. But, as an alternative basis for decision, the judge of compensation claims imputed knowledge of Mr. Hanssen's occasional use of the corset to Solar Pane and the Claims Center, ruling that this imputed knowledge tolled the limitations period.
Our supreme court has held that actual knowledge on the part of employer or carrier is required if the limitations period is to be *965 tolled by an injured employee's use of a medical device.[3]
Subsection 440.19(1)(a), Florida Statutes (1971) requires a worker's compensation claim to be filed within two years of the time of injury, the date of the last payment of compensation, or "the date of the last remedial treatment furnished by the employer."
. . . .
In order for treatment to be "furnished by the employer," the employer or carrier must have actual knowledge that the claimant is receiving remedial treatment. Taylor v. Metropolitan Dade County, 596 So.2d 798 (Fla. 1st DCA 1992); see also Devilling v. Rimes, Inc., 591 So.2d 304 (Fla. 1st DCA 1991) (claimant's use of prescribed shoe inserts and cane did not toll the limitations period where there was no showing that employer had actual knowledge of the use). Although the employer in the instant case was aware that the TENS unit had been prescribed in 1984, Lee did not visit his physician for over two years and had no further contact with his employer or his physician regarding the use of the TENS unit. In order to preserve the right to future benefits, the claimant is required to receive remedial care every two years. Mahoney v. Sears, Roebuck & Co., 438 So.2d 174 (Fla. 1st DCA 1983), review denied, 447 So.2d 887 (Fla.1984).
Because the employer clearly did not have actual knowledge that Lee was continuing to use the TENS unit, we hold that the treatment was not "furnished by the employer."
Lee, 616 So.2d 37, 38-39 (Fla.1993). See also Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Florida Hosp. v. Williams, 689 So.2d 1255, 1257 (Fla. 1st DCA 1997), review denied, 698 So.2d 840 (Fla.1997).
We are unwilling to treat Mr. Hanssen's own knowledge of his continued use of the corset as the equivalent of knowledge by Solar Pane and Claims Center. To impute his knowledge to Solar Pane would render the rule laid down in Lee nugatory in the present case. Cf. Brown v. John Martin Constr. Co., 642 S.W.2d 145, 147 (Tenn.1982) (rejecting contention that an "employee-supervisor's knowledge [of his own back problems be] ... imputed to the Company"). "To apply such a theory to this case would in no way further the legislative objective behind the statute," id., here section 440.19, Florida Statutes (1985).
Claims Center is, moreover, in the situation of the insurance carrier in Nebenhaus v. Lydmark Corp., 79 A.D.2d 804, 435 N.Y.S.2d 101, 102 (N.Y.App.Div.1980), where the court said that
while both the employer and its insurance carrier are appealing the board's decision, for all practical purposes the interests of the employer and carrier are opposed on this claim and the interests of the claimant and the employer ... are the same.
In such circumstances, Florida[4] does not treat an employer as its insurance carrier's alter ego.[5] In Vicki's Styling, Inc. v.. Moberg, 489 So.2d 194, 195 (Fla. 1st DCA 1986), we said:
Where the employee and employer are the same person, notice to the employer is not necessarily notice to the carrier. In such a *966 situation, the interests of the employer and carrier diverge so that one can no longer be presumed to speak for the other and, thereby, bind the other.
In Moberg, as in the present case, the employer[6] was a closely held corporation. "[T]he statutory placement of the employer in the shoes of the carrier, and vice versa, is not total, final and binding in each and every instance." Rand Millwork & Supply Co. v. Rand, IRC Order No. 2-3538, at 5 (Sept. 12, 1978). See also Leonard Elec. Co. v. Erskine, 634 So.2d 289 (Fla. 1st DCA 1994); Brent v. Brent, 107 So.2d 181 (Fla. 3d DCA 1958).
The judge of compensation claims erred in ruling that "the claim is not barred by the statute of limitations."
Reversed.
VAN NORTWICK and PADOVANO, JJ., concur.
NOTES
[1] A witness for the Claims Center testified that the Claims Center routinely furnished claimants the prescribed statement of their rights, benefits, and obligations, but that it could produce no record of having specifically informed Mr. Hanssen, because his claim file had been destroyed before the petition for benefits was filed a decade after the accident. Unavailability of evidence after so much time has passed is one of the reasons for statutes of limitations.
[2] In concluding that the record showed that the claimant in MacDonald was unaware of her possible entitlement to a number of pertinent benefits under the Workers' Compensation Law, until her lawyer later informed her of them, we took issue with the lower tribunal's analysis. We expressed no view on the conclusion the judge of compensation claims had reached thaton the assumption that the only knowledge the claimant lacked concerned the statute of limitationsthe statutory limitations period would not have been tolled.
[3] The rule is otherwise where an employer has authorized a physician to provide medical care and the injured employee visits the physician's office for treatment without the employer's knowledge, before the limitations period has expired. See Sol Dale Bldgs., Inc. v. Schweickert, 656 So.2d 606 (Fla. 1st DCA 1995).
[4] On the related question whether an injured managerial employee's own knowledge of his injury should be imputed to his employer's insurance carrier for purposes of statutes requiring timely notice of injury, there is a split of authority. Compare Wietharn v. Safeway Stores, Inc., 16 Kan.App.2d 188, 820 P.2d 719, 722-23 (Kan.Ct. App.1991); Hunt v. Sherwin Williams Co., 191 Mont. 348, 624 P.2d 489, 492 (1981); Renco, Inc. v. Nunn, 474 P.2d 936, 939-40 (Okla.1970) with Daigle v. Daigle, 505 A.2d 778, 780 (Me.1986); Moreno v. Las Cruces Glass & Mirror Co., 112 N.M. 693, 818 P.2d 1217 (1991); Travelers Ins. Co. v. Workmen's Compensation Appeal Bd., 68 Pa.Cmwlth. 24, 447 A.2d 1116 (Pa.Cmwlth. 1982).
[5] This is not a case in which the carrier was "willfully ignorant" of the continued use of a medical appliance. Cf. Attitudes & Trends v. Arsuaga, 616 So.2d 1103 (Fla. 1st DCA 1993).
[6] Imputing knowledge to Solar Pane is particularly problematic since it had been out of business at least since 1988.