743 So.2d 1200 (1999)
TALLAHASSEE MEMORIAL HEALTHCARE, INC., f/k/a Tallahassee Memorial Regional Medical Center, Inc., and Palmer & Cay, Inc., Appellants,
v.
Susie COLEMAN, Appellee.
No. 98-3721.
District Court of Appeal of Florida, First District.
November 8, 1999.
*1201 William E. Whitney, Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, for Appellants.
Maureen Proctor Kole, Solomon & Proctor, P.A., Tallahassee, for Appellee.
BENTON, J.
Tallahassee Memorial Healthcare, Inc. (the hospital) provided Susie Coleman medical benefits on account of an industrial accident she sustained on October 21, 1992. In June of 1993, she declined rotator cuff surgery that Dr. Peter Loeb recommended. Although Dr. Loeb never released her from his care, she did not seek further evaluation or care until she did so through counsel by a letter addressed to the hospital's servicing agent dated March 26, 1997. The letter does not seek alternative medical care.
The servicing agent's adjustor denied the claim for additional medical benefits on statute of limitations grounds. Compensation benefits had never been provided Ms. Coleman never missed workand more than two years had elapsed since medical benefits had been provided. At the hearing on the ensuing petition for benefits, the judge of compensation claims concluded that she had not been apprised of all of her rights under the workers' compensation law but that the omission was not "intentional and done to deprive the employee of benefits." § 440.19(1)(a), Fla. Stat. (1991).
After the hearing, however, the decision in Gaines v. Orange County Public Utilities, 710 So.2d 139 (Fla. 1st DCA 1998), came down. In his compensation order, the judge of compensation claims noted: "In Gaines, the Court found that § 440.19(4), Florida Statute[s] (Supp.1994)... applies to pre-1994 dates of accident." On this basis, the compensation order rejected the statute of limitations defense. We decline the hospital's invitation to revisit the decision in Gaines.
In Solar Pane Insulating Glass, Inc. v. Hanssen, 727 So.2d 961 (Fla. 1st DCA 1998), which was decided after the compensation order had been entered, we made clear that the "two-year statutory limitations period is not tolled by failure to advise an injured worker that a statute of limitations exists." 727 So.2d at 964. It is also clear here as it was in Hanssen that the claimant knew of her entitlement to medical benefits. We therefore remand for the judge of compensation claims to determine whether she lacked actual knowledge of any other pertinent right under the workers' compensation law and, if so, whether such ignorance accounted for her failure to obtain care during the two years following her last visit to Dr. Loeb.
Reversed and remanded.
BARFIELD, C.J., and WEBSTER, J., CONCUR.