834 So.2d 228 (2002)
Miriam CRUTCHER, Appellant,
v.
SCHOOL BOARD OF BROWARD COUNTY and Gallagher Bassett Services, Inc., Appellee.
No. 1D01-3871.
District Court of Appeal of Florida, First District.
October 23, 2002.
Rehearing Denied January 16, 2003.
Diane H. Tutt, of Diane H. Tutt, P.A., Plantation, for Appellant.
Edward D. Schuster, of Massey, Coican & Schuster, LLC, Ft. Lauderdale, for Appellee.
PER CURIAM.
Appellant, Miriam Crutcher, appeals an order finding that her petition for workers' compensation benefits was barred by the statute of limitations. For the reasons expressed below, we remand for further proceedings.
Section 440.19(4), Florida Statutes (Supp.1994), states:
Notwithstanding the provisions of this section, the failure to file a petition for benefits within the periods prescribed is not a bar to the employee's claim unless the carrier advances the defense of a statute of limitations in its initial response to the petition for benefits. If a claimant contends that an employer or its carrier is estopped from raising a statute of limitations defense and the carrier demonstrates that it has provided notice to the employee in accordance with s. 440.185 and that the employer has posted notice in accordance with s. 440.055, the employee must demonstrate estoppel by clear and convincing evidence. (Emphasis added).
Appellant argues that the emphasized language must be read to say that the E/C's failure to comply with either section 440.185 or section 440.055 estops the E/C from raising a statute of limitations defense. Under that view, no matter what the claimant may have known about her rights, the E/C can never raise a statute of limitations defense if it has failed to comply strictly with the provisions of either section 440.185 or 440.055. We disagree.
*229 There is no dispute in this case that the E/C failed to comply with section 440.185(4).[1] The E/C only sent a letter to Appellant in which she was advised that she was entitled to benefits, which included "paying all medical bills related to your injury, prescription at 100% and reimbursing you for travel expense to and from any medical facility at 29 cents per mile." She was informed that treatment must come from an authorized physician and that she could request additional care or a second opinion by contacting the carrier. Appellant did receive medical benefits and was able to get the carrier to authorize three different physicians. She also briefly retained the services of an attorney. Her treatment ended in early 1997 when she declined to continue with the recommended course of treatment, which included injections. Appellant's last indemnity benefit was furnished on March 10, 1997, and she did not file a petition for benefits until February 7, 2000. The E/C denied the claim on the grounds that it was barred by the statute of limitations.
A hearing was held solely on the issue of the statute of limitations. The Judge of Compensation Claims (JCC), relying on this court's opinion in Solar Pane Insulating Glass, Inc. v. Hanssen, 727 So.2d 961 (Fla. 1st DCA 1998), found that Appellant "was fully aware of her entitlement to medical benefits and chose not to request medical benefits after the last visit with Dr. Weiss on January 14, 1997. Hence, her present claims are time barred." Additionally, the JCC found that Appellant's "actual knowledge of entitlement to medical benefits is unmistakable from the record."
While the JCC's factual findings are supported by competent and substantial evidence, sole reliance on Hanssen was incorrect because that case dealt with a prior version of section 440.19. In Tallahassee Memorial Healthcare, Inc. v. Coleman, 743 So.2d 1200 (Fla. 1st DCA 1999), this court addressed the post-1994 version of section 440.19. In Coleman, as in this case, the E/C had not apprised the claimant of all her rights, as required by section 440.185. This court, quoting Hanssen, repeated that the "two-year statutory limitations period is not tolled by failure to advise an injured worker that a statute of limitations exists." Coleman, 743 So.2d at 1201. In both Coleman and Hanssen, as well as in this case, it was clear "that the claimant knew of her entitlement to medical benefits." Id. However, because of the 1994 amendment to section 440.19, this court remanded in Coleman for the JCC "to determine whether she lacked actual knowledge of any other pertinent right under the workers' compensation law and, if so, whether such ignorance accounted for her failure to obtain care during the two years following her last visit to Dr. Loeb." Coleman, 743 So.2d at 1201.
Implicit in this court's decision in Coleman was a rejection of Appellant's claim that a claimant need only show that the E/C failed to comply strictly with either section 440.185 or section 440.055 in order to estop the E/C's statute of limitations defense. See also Health Central v. Cesar, 752 So.2d 97 (Fla. 1st DCA 2000). We read the statute to say that after the E/C *230 raises a statute of limitations defense, the claimant must prove that the E/C should be estopped from raising the defense. The burden of proof on the claimant is a preponderance of the evidence, unless the E/C has complied with both sections 440.185 and 440.055, in which case the claimant has a higher burden of proof clear and convincing evidence. Any other reading of the statute could lead to absurd results, such as forever barring a statute of limitations defense when the carrier sends the claimant an approved, informational brochure that contains all of the required information four days after learning of the injury, instead of within the required three days.
Because it is not clear from the order on review whether the JCC applied the correct law in determining that Appellant's claim was barred in its entirety by the statute of limitations, we REVERSE and REMAND for the JCC to determine whether Appellant lacked actual knowledge of any pertinent right under workers' compensation law, substantive or procedural, and, if so, whether such ignorance accounted for her failure to obtain care for more than two years after her last visit to an authorized physician. See Coleman.
MINER and BENTON, JJ., CONCUR; LEWIS, J., CONCURS IN PART AND DISSENTS IN PART WITH OPINION.
LEWIS, J., concurring in part and dissenting in part.
As the majority explains, the Judge of Compensation Claims ("JCC") erred in relying on Solar Pane Insulating Glass, Inc. v. Hanssen, 727 So.2d 961 (Fla. 1st DCA 1998), as that case addressed a previous version of section 440.19, Florida Statutes. I, therefore, join the majority in reversing the JCC's order. However, I do not agree that section 440.19(4), Florida Statutes (1995), requires that the claimant must prove estoppel by a preponderance of the evidence unless the E/C complies with sections 440.185 and 440.055, Florida Statutes (1995).
This case revolves around the statutory construction of section 440.19, Florida Statutes (1995). The claimant contends that because she never received the notice mandated by section 440.185, the JCC erred in determining that her claim for benefits was barred by the statute of limitations. As she raised estoppel in response to the E/C's statute of limitations defense, she claims that she was not required to prove estoppel unless the carrier demonstrated that it provided the notice required in section 440.185. Therefore, the claimant argues that because the carrier failed to meet this burden, the carrier's statute of limitations defense automatically fails. I agree. Thus, I respectfully dissent from the majority's contrary interpretation.
Before 1989, section 440.185(3), Florida Statutes, provided that, within seven days of actual knowledge of an employee's injury, the employer would provide a statement of rights, benefits, and obligations to the employee and provide notice to the Division of Workers' Compensation. Section 440.185(4), Florida Statutes, required the division to mail an informational brochure to the employee immediately upon notice by the employer. Section 440.19, Florida Statutes, provided that the claimant had two years after the time of the injury in which to file a claim for benefits.
Section 440.19, prior to 1989, contained no express provision regarding the tolling of the statute of limitations should the carrier fail to provide the injured employee with the notice of rights and obligations required in section 440.185. Case law, however, did provide for such tolling. Where the employee had not been informed *231 as required by section 440.185 and could demonstrate prejudice from the carrier's failure to notify, the carrier was estopped from raising a statute of limitations defense until the employee received actual knowledge of a possible entitlement to benefits. See Southern Bell v. MacDonald, 671 So.2d 207, 210 (Fla. 1st DCA 1996) ("If the employer breaches its duty to inform the employee of his rights, the running of the statute of limitations will be tolled until such time that the employee obtains actual knowledge from any source that he may be entitled to compensation benefits."); Timmeny v. Tropical Botanicals Corp., 615 So.2d 811, 815-16 (Fla. 1st DCA 1993) (discussing and citing cases for the principle that, since 1979, courts have construed the Workers' Compensation Act limitations to be tolled if the employer fails to comply with its statutory duty to inform an injured employee of benefits).
In 1989, the Legislature amended each subsection of section 440.19(1) to include the following provision:
This limitations period shall not be tolled or extended by the failure of the employer or carrier to file a notice of injury or any other report or notice required to be filed under this chapter or by the failure of the division, the employer, or the carrier to furnish to the employee or other claimant informational materials required under this chapter, unless such omission by the employer or carrier was intentional and done to deprive the employee of benefits due under this chapter.
See ch. 89-289, § 15, at 1763-64, Laws of Fla. By this amendment, the Legislature precluded any tolling of the statute of limitations even where the E/C failed to provide the necessary information to the claimant if the claimant could not meet the hefty burden of demonstrating that the E/C's failure to provide the required information was intentional and done to deprive the claimant of his or her right to benefits. See Gaines v. Orange County Pub. Utils., 710 So.2d 139, 140 (Fla. 1st DCA 1998).
Effective January 1, 1994, section 440.19 was again amended to remove the preclusion on the tolling of the statute of limitations imposed in the 1989 amendment. See ch. 93-415, §§ 23, 112, at 135, 215, Laws of Fla. The statute was reorganized, and the Legislature added section 440.19(4), Florida Statutes (Supp.1994), which provided, in pertinent part, that:
If a claimant contends that an employer or its carrier is estopped from raising a statute of limitations defense and the carrier demonstrates that it has provided notice to the employee in accordance with s. 440.185 and that the employer has posted notice in accordance with s. 440.055, the employee must demonstrate estoppel by clear and convincing evidence.
See ch. 93-415, § 23, at 135, Laws of Fla. The Legislature also amended section 440.185(4) to require the carrier, rather than the division, to notify the claimant of her rights, benefits, obligations and procedures for obtaining benefits under the workers' compensation statutes. See ch. 93-415, § 22, at 134, Laws. of Fla. Section 440.185(4) mandates that within three days after the employer or the employee informs the carrier of an injury, "the carrier shall mail to the injured worker an informational brochure approved by the division which sets forth in clear and understandable language an explanation of the rights, benefits, procedures for obtaining benefits and assistance, criminal penalties, and obligations of injured workers and their employers under the Florida Workers' Compensation Law." (emphasis added). As the claimant's accident occurred in August 1996, these amendments are applicable to this case.
*232 Section 440.19(4) cites section 440.185; therefore, the statute must be read in pari materia with section 440.185. See State v. Fuchs, 769 So.2d 1006, 1010 (Fla.2000) ("[S]tatutes which relate to the same or closely related subjects should be read in pari materia"); Hertz Rent-A-Car v. Sosa, 670 So.2d 73, 75 (Fla. 1st DCA 1996). When a court construes a statute, its goal is to ascertain legislative intent, and if the language of the statute under scrutiny is clear and unambiguous, there is no reason for construction beyond giving effect to the plain meaning of the statutory words. Aetna Cas. & Sur. Co. v. Huntington Nat'l Bank, 609 So.2d 1315, 1317 (Fla.1992). This Court must interpret statutes by the well-established norms of statutory construction which require rendering the statutory provisions meaningful. See Johnson v. Feder, 485 So.2d 409, 411 (Fla.1986). Statutory interpretations which render provisions superfluous are disfavored. Id.; see also Hawkins v. Ford Motor Co., 748 So.2d 993, 1000 (Fla.1999).
Pursuant to the 1994 amendment, once the claimant alleges that the E/C are estopped from raising the statute of limitations defense, the statute requires the carrier to demonstrate that it provided the required notice under section 440.185. Only if the carrier makes this demonstration must the claimant offer proof to support an estoppel. However, if the carrier fails to make the required showing, the statute of limitations defense automatically fails.
In 1989, the Legislature took away a claimant's estoppel claim against an E/C's statute of limitations defense by requiring the claimant to show, in order to toll the statute of limitations, that the claimant did not receive the required notice and that the E/C purposely did not provide the notice with the intent to deprive the claimant of benefits. With section 440.19(4), the Legislature struck a balance between pre-1989 case law and the 1989 provision, which so burdened the claimant. If the carrier cannot demonstrate compliance with section 440.185, then its statute of limitations defense automatically fails. The use of the word "shall" in section 440.185(4) denotes a mandatory action by the carrier. Therefore, if the carrier fails to comply with section 440.185(4), it cannot seek the protection of the affirmative defense of statute of limitations under section 440.19. If the carrier can demonstrate that it has complied with this long standing notice requirement, the claimant can only establish estoppel to the statute of limitations defense with clear and convincing evidence.
Section 440.19(4) is not a codification of the pre-1989 judicial estoppel/tolling principle. The statute does not provide that if the carrier fails to make the required showing, then it can offer proof of the claimant's actual knowledge to defeat the estoppel claim. Such evidence would only be relevant if the carrier made its initial demonstration and the claimant then carried his or her burden of proving estoppel by clear and convincing evidence.
Under the plain meaning of section 440.19(4), the E/C must prove that the carrier actually provided the required notice to the claimant pursuant to section 440.185. The statute does not state, as the case law construing the pre-1989 statute held, that if the E/C proves that the claimant had knowledge of some benefits, the E/C cannot be estopped. By the use of the word "shall" in section 440.185, the carrier has the responsibility to provide notice of workers' compensation rights, benefits, and procedures to the claimant. Section 440.19 does not provide that if the E/C proves that the claimant had knowledge from some other source, then the carrier has met its burden. Under the *233 plain meaning of sections 440.19 and 440.185, only if the carrier demonstrates that the carrier, itself, provided the claimant the notice required in section 440.185 must the claimant demonstrate estoppel to the carrier's statute of limitations defense. If the carrier fails to demonstrate that notice, the carrier cannot defeat the claimant's estoppel argument.
In construing section 440.19(4) in isolation, the majority renders the mandatory notice requirement in section 440.185(4) meaningless. Requiring a claimant to prove estoppel regardless of whether the carrier provides the notice under section 440.185 negates the statutory language mandating that the carrier provide such notice. That is, the carrier could reap the benefit of the statute of limitations defense even where it failed to comply with the workers' compensation law. This is manifestly unfair to the claimant. The majority seeks to impose unnecessarily an additional burden of proof in the statute where none exists. The majority's interpretation of section 440.19 defeats the objective of the workers' compensation law to facilitate the prompt receipt of benefits to claimants, which includes the prompt receipt by the claimant of the procedures to receive such benefits. See § 440.015, Fla. Stat. (1995) ("It is the intent of the Legislature to ensure the prompt delivery of benefits to the injured worker."); see also S & A Plumbing v. Kimes, 756 So.2d 1037, 1041 n. 2 (Fla. 1st DCA 2000).
Here, the E/C did not clearly demonstrate that they provided the notice required under section 440.185 within the mandatory three-day period. Therefore, under the plain meaning of section 440.19(4), the carrier cannot raise the statute of limitations defense. The statute only requires that the claimant prove estoppel if the carrier has provided the requisite notice in section 440.185. Thus, the claimant's actual knowledge of her rights is irrelevant where the carrier failed to provide the mandatory notice. Allowing the carrier to continue to assert a statute of limitations defense after failure to comply with this statutorily mandated requirement renders such requirement meaningless.
The majority relies on Tallahassee Memorial Healthcare, Inc. v. Coleman, 743 So.2d 1200 (Fla. 1st DCA 1999), for support in its remand. However, in Coleman, it is unclear whether the carrier failed to comply with the notice requirement in section 440.185. The JCC merely concluded that the claimant had not been apprised of her rights under the workers' compensation law and that the omission was not "intentional and done to deprive the employee of benefits." Id. at 1201. This Court rejected the JCC's application of section 440.19(1)(a), Florida Statutes (1991), because the amended section 440.19(4), Florida Statutes (1994), applied even though the claimant's injury occurred in 1992. Coleman, 743 So.2d at 1201 (citing Gaines, 710 So.2d at 139). This Court then remanded for the JCC to determine whether the claimant lacked actual knowledge of her rights under the workers' compensation law. Id.
Because the Coleman decision is unclear regarding the carrier's compliance with section 440.185, I cannot agree with the majority that the decision implicitly rejected any "claim that a claimant need only show that the E/C failed to comply strictly with either section 440.185 or section 440.055 in order to estop the E/C's statute of limitations defense." Proof of a claimant's actual knowledge of workers' compensation rights and obligations is only relevant after the carrier demonstrates compliance with section 440.185.
Therefore, remand for the JCC to determine whether the claimant lacked actual *234 knowledge of her rights under workers' compensation law is neither necessary nor appropriate. I would hold that the claimant has estopped the E/C's statute of limitations defense because the carrier failed to demonstrate compliance with section 440.185. Consequently, I would reverse and remand for the JCC to address the claimant's petition for benefits on its merits.
NOTES
[1] Section 440.185(4), Florida Statutes (Supp. 1994), provides in pertinent part:

Within 3 days after the employer or the employee informs the carrier of an injury the carrier shall mail to the injured worker an informational brochure approved by the division which sets forth in clear and understandable language an explanation of the rights, benefits, procedures for obtaining benefits and assistance, criminal penalties, and obligations of injured workers and their employers under the Florida Workers' Compensation Law.