913 So.2d 28 (2005)
Henry FONTANILLS, Appellant,
v.
HILLSBOROUGH COUNTY SCHOOL BOARD, Appellee.
No. 1D04-5140.
District Court of Appeal of Florida, First District.
September 16, 2005.
Rehearing Denied November 1, 2005.
*29 Stephen L. Rosen of Stephen L. Rosen, P.A., Tampa, for Appellant.
Robert W. Bleakley and R.G. (Mack) McCormick, Jr., of The Bleakley Firm, Tampa, for Appellee.
ERVIN, J.
Henry Fontanills, claimant, appeals an order determining that his petition for continuing medical benefits was barred by the limitation period in section 440.19(2), Florida Statutes (1995), requiring that he file his petition within one year from the time he had been provided remedial treatment. Because we conclude the judge of compensation claims (JCC) misinterpreted the effect of the statute by holding appellant's estoppel argument inapplicable, we reverse the order and remand the case for further proceedings.
Appellant contends the employer/carrier (E/C) is estopped from relying on the defense because it did not instruct him in its informational brochure of the one-year limitation period, which, he argues, is required by sections 440.19(4) and 440.185. He further claims he otherwise had no knowledge of the requisite one-year period, all of which resulted in his failure to timely file the petition. The JCC rejected claimant's estoppel argument, concluding, based upon this court's holding in Solar Pane Insulating Glass v. Hanssen, 727 So.2d 961 (Fla. 1st DCA 1998), that once the E/C established claimant knew, as the evidence clearly showed, his entitlement to medical care, claimant was required to provide evidence of conduct on the part of the E/C that is more than mere silence. We cannot agree. Although Hanssen held that a claimant who was fully aware of his entitlement to medical benefits, but failed to request them within the requisite two-year period then required by law, was barred by the limitation period, despite the failure of the E/C to advise him of the time to file, the JCC in the case at bar erred in concluding that the statute of limitations had expired, because she failed to take into consideration post-1994 amendments to section 440.19 that were inapplicable to the court's analysis of the statute considered in Hanssen.
As this court explained in Crutcher v. School Board of Broward County, 834 So.2d 228, 229 (Fla. 1st DCA 2002), the *30 JCC's reliance there on the court's opinion in Hanssen was incorrect because Hanssen had dealt with a prior version of section 440.19. While the court explained in Crutcher, as it had in Tallahassee Memorial Healthcare, Inc. v. Coleman, 743 So.2d 1200 (Fla. 1st DCA 1999), that the statutory limitation period is not tolled solely by the failure of an E/C to advise an injured worker that a statute of limitations exists, nevertheless, because of the 1994 amendment to section 440.19,[1] the court remanded the case to the JCC for a determination of whether the claimant lacked actual knowledge of his rights under the workers' compensation law, and, if so, whether the absence of such knowledge was the cause of the claimant's failure to obtain the requested care within the limitation period.
It is important to note that in reaching its decisions in Crutcher and Coleman, this court did not hold, as it had earlier indicated in Hanssen, that an E/C's failure to provide notice to an injured worker of the applicable limitation period was not a factor in assessing whether the employer should be estopped from relying on such defense. The JCC here appears to have decided that because claimant knew of his entitlement to medical care, had availed himself of such opportunity, and was generally aware of the existence of the statute of limitations, despite his lack of knowledge of the particular period required for him to seek benefits,[2] his mistaken belief in such regard did not arise from any action or lack thereof by the employer; and as a consequence, the E/C was not estopped from asserting the defense.
The JCC's interpretation of the statute, as it existed as of the date of claimant's 1996 injury, was legally incorrect because it failed to take into account the subsection (4) amendment to 440.19, requiring the carrier to comply with the provisions of section 440.185(4) by mailing to the injured worker an informational brochure setting forth in clear and understandable language an explanation of his or her "rights, benefits, procedures for obtaining benefits ... under the Florida Workers' Compensation Law." Section 440.19(4), as construed by this court in Crutcher and Coleman, places the burden on the claimant to prove that he or she did not receive proper notice of such rights. Upon the satisfaction of such burden by a preponderance of the evidence, the burden of producing evidence to the contrary shifts to the E/C to show that notwithstanding its failure to provide claimant with the information required by the statute, including the appropriate limitation period, claimant otherwise had actual knowledge of the time required, which could have been provided by the employer other than through the method set out in section 440.19(4), or from any source. Thus, as both Crutcher and Coleman demonstrate, the absence of critical information in a notice affecting an employee's rights to seek benefits does not by itself *31 act as an automatic estoppel. The running of the statute will not be tolled if evidence is presented showing the worker had actual knowledge of the pertinent limitation period.
Claimant's evidence clearly disclosed he was unaware of the statutory requirement that he must file his petition for benefits within one year from the last date that he was furnished remedial treatment, and the lack of such knowledge was the cause of his failure to seek the requested remedial care within the applicable time required by the statute. Because his evidence was not contradicted by the E/C, the JCC erred in holding the E/C was not estopped from raising the statute of limitations defense.
REVERSED and REMANDED.
WOLF and WEBSTER, JJ., concur.
NOTES
[1] Subsection (4) amended section 440.19 by adding the language estopping an E/C from raising the statute of limitation defense unless the E/C shows that it had provided the section 440.185 notice to the employee, whereupon the employee is required to show estoppel by clear and convincing evidence.
[2] Claimant testified that his attorney, who had represented him in connection with both an earlier 1992 work-related injury and the later 1996 injury, advised him that the applicable period for his claim was two years. Acting on this information, claimant filed his petition within two years from the provision of remedial treatment for the 1996 injury, but outside the one-year period then required by section 440.19. Claimant's attorney did not contradict claimant's understanding of the law, testifying he had no recollection of having advised claimant about the change in the limitation period, which occurred between the 1992 injury and the 1996 injury.