917 So.2d 224 (2005)
The CITY OF FORT LAUDERDALE and Gallagher Bassett Services, Inc., Appellants,
v.
Menisier ST. LOUIS, Appellee.
No. 1D04-4527.
District Court of Appeal of Florida, First District.
November 30, 2005.
Rehearing Denied January 5, 2006.
Edward D. Schuster of Massey, Coican & Schuster, L.L.C., Fort Lauderdale, for Appellants.
Nick Panebianco, Fort Lauderdale, for Appellee.
PER CURIAM.
In this workers' compensation appeal, The City of Fort Lauderdale and Gallagher Bassett Services, Inc. (jointly the employer/servicing agent), appeal an order of the Judge of Compensation Claims (JCC) finding that the petition for benefits filed by Menisier St. Louis, claimant and appellant, was not barred by the statute of limitations. See § 440.19, Fla. Stat. (Supp. 1994). In the order on appeal the JCC found, pursuant to the parties' stipulation, that the claimant's injuries were sustained in a compensable workplace accident and that claimant was entitled to receive causally related benefits; and further expressly certified that the determination of the exact nature and amount of benefits due to the claimant will require substantial expense and time. Thus, we have jurisdiction pursuant to rule 9.180(b)(1)(C), Florida Rules of Appellate Procedure. The record contains competent substantial evidence supporting the findings of the JCC that the claimant was never advised by the employer/servicing agent of the rights, benefits and procedures, including the limitations period, under the Florida Workers' Compensation Law; that the claimant was unaware of such rights, benefits and procedures, and specifically unaware of the limitations period; and that this ignorance accounted for his failure to obtain care within the limitations period. See § 440.19(4), Fla. Stat. (Supp.1994); Fontanills v. Hillsborough County School Bd., 913 So.2d 28 (Fla. 1st DCA, 2005); Crutcher v. School Bd. of Broward County, 834 So.2d 228, 229 (Fla. 1st DCA 2002); Tallahassee Mem'l Healthcare, Inc. v. Coleman, 743 So.2d 1200, 1201 (Fla. 1st DCA 1999). Accordingly, we affirm the JCC's order.
ALLEN, VAN NORTWICK and POLSTON, JJ., concur.