BROWNING, C.J.,
dissents.
Because the majority fails to apply sections 440.185(4) and 440.19, Florida Statutes, as construed by this court, I dissent from the majority opinion. See Fontanills v. Hillsborough County Sch. Bd., 913 So.2d 28 (Fla. 1st DCA 2005).
The majority grants rehearing and affirms because Claimant did not prove by competent, substantial evidence or a preponderance of the evidence that he did not receive notice of the information to which he was entitled; however, this is not Claimant’s burden here. An E/C is required by sections 440.185 and 440.19 to mail the required informational brochure to a claimant within three days after the carrier is informed of an injury. Failure to do so requires the E/C, when claiming a statute of limitations defense, to prove that a claimant had actual knowledge of the time required for filing. See id. at 30.
*1174 The E/C admitted that it mailed the informational brochure to an incorrect address, was made aware of that mistake, but failed to mail the brochure to Claimant at his correct address. Upon this admission, the burden of proof shifted to E/C, requiring it to prove that Claimant otherwise had actual knowledge of the claim period. Claimant had no duty to prove he did not get notice by either competent, substantial evidence or by a preponderance of the evidence; as stated, sections 440.185 and 440.19 place the burden of proving actual notice on E/C for failure to follow these provisions. The majority opinion effectively rejects Fontanills by requiring Claimant to prove what E/C was required to prove.
For these reasons, I take no part in failing to apply Fontanills and dissent.