PER CURIAM.
 

 In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying all claims on statute of limitations grounds. Claimant raises two points on appeal. We affirm the argument that entry of a prior order requiring the Employer/Carrier (E/C) to pay a bill revived the claim despite the statute of limitations, as that argument was not preserved for appellate review, and, even if preserved, would lack merit.
 
 See Medpartners/Diagnostic Clinic Med. Group, P.A. v. Zenith Ins. Co.,
 
 23 So.3d 202, 204 (Fla. 1st DCA 2009) (holding 1994 amendments to Workers’ Compensation Law preclude revival of limitations period once it has run);
 
 cf. Dixie Transp., Inc. v. Kellom,
 
 507 So.2d 757 (Fla. 1st DCA 1987) (holding, under pre-1994 law, that statute of limitations does not allow party to avoid obligation to comply with previous order). We find merit in Claimant’s other argument, asserting that the E/C failed to prove Claimant had actual notice of the statute of limitations.
 

 Claimant had a compensable accident on June 10, 2003, but the E/C did not give him notice of the statute of limitations at that time as contemplated by section 440.185(4), Florida Statutes. Claimant last received benefits on June 9, 2008. The E/C mailed Claimant notice of the statute of limitations on April 14, 2009. Claimant filed a petition for benefits on July 2, 2010, and the E/C defended by alleging the limitations period set forth in section 440.19, Florida Statutes, had run. Claimant, in turn, alleged the E/C was estopped from raising that defense, because it had not provided statutory notice of the statute of limitations. The JCC found Claimant received actual notice, and did not prove estoppel by clear and convincing evidence.
 

 
 *1125
 
 Section 440.19(4) outlines the standards of proof and burdens of proof applicable in such a situation:
 

 If a claimant contends that an employer or its carrier is estopped from raising a statute of limitations defense and the carrier demonstrates that it has provided notice to the employee in accordance with s. 440.185 and that the employer has posted notice in accordance with s. 440.055, the employee must demonstrate estoppel by clear and convincing evidence.
 

 “We read the statute to say that ... [t]he burden of proof on the claimant is a preponderance of the evidence, unless the E/C has complied with both sections 440.185 and 440.055, in which case the claimant has a higher burden of proof — clear and convincing evidence.”
 
 Crutcher v. Sch. Bd. of Broward County,
 
 834 So.2d 228, 229-30 (Fla. 1st DCA 2002). When a claimant proves estoppel by preponderance of the evidence, the burden shifts to the E/C to show the claimant “had actual knowledge” of the limitations period.
 
 Fontanills v. Hillsborough County Sch. Bd.,
 
 913 So.2d 28, 30 (Fla. 1st DCA 2005).
 

 In this case, it is uncontested that the E/C did not provide notice in accordance with section 440.185; therefore, the appropriate standard of proof by which Claimant could establish estoppel is preponderance of the evidence. Nonetheless, the JCC here applied the standard of clear and convincing evidence. This was error, as the E/C concedes.
 

 The E/C asserts the error is harmless because the E/C proved, and the JCC found, Claimant had actual knowledge of the statute of limitations. The final order reveals the JCC based that conclusion on several findings: that the E/C mailed notice of the statute of limitations to a Miami address in 2009; that Claimant had moved away from that mailing address at some earlier point in time; that the mailing was not returned as undeliverable; and that Claimant’s mail was, for a time, forwarded from that address to Claimant. Because it is not clear the mailing was forwarded to Claimant, these findings are insufficient, as a matter of law, to establish actual knowledge. We remand for application of the correct standard of proof and, if necessary, clarification of findings concerning the change in Claimant’s residency.
 

 REVERSED and REMANDED.
 

 BENTON, C.J., VAN NORTWICK, and SWANSON, JJ„ concur.