DREW, Justice.
The Judge of Industrial Claims in this compensation case found: “In view of the fact that the physician chosen by the employer/carrier recommended further medical care under the guidance of an orthopedic specialist and such care was never furnished, I find that the employer/carrier is es-topped from asserting the statute of limitations because of its own failure to act in this matter.”
The Full Commission reversed the award of compensation which was made by the Judge of Industrial Claims on the ground that the claim was barred by the statute of limitations because the “claim was not filed until two years and two months after Dr. Clement made his examination and recommended further remedial treatment which the claimant chose not to take.’’ (emphasis added)
We find nothing in the record to indicate that the claimant knowingly chose not to take the treatment recommended by Dr. Clement. On the contrary, the record fully supports the material finding of the Judge of Industrial Claims with reference to this matter. The report of Dr. Clement recommending further medical care of claimant was sent to the employer/carrier by Dr. Clement. Its disclosures were never made known to claimant.
*912 Employer/carrier disputes the finding of the Judge of Industrial Claims that Dr. Clement was the physician chosen by it. We find that while this statement is technically correct and that Dr. Clement was chosen initially not by the employer/carrier but by another physician, Dr. Clement’s report was made to the employer/carrier and paid for by it. Under such circumstances the result is exactly the same as if he had been initially employed and supports the material conclusion of the Judge of Industrial Claims that such conduct es-topped the employer/carrier from pleading the statute as a defense. This self-executing Workmen’s Compensation Act requires the employer/carrier under the circumstances shown by this record to make the recommendation of the physician known to the claimant and make reasonable efforts to see that such treatment is administered. At the very least, the claimant should have an opportunity to either knowingly accept or knowingly reject such treatment to entitle the carrier to plead the statute of limitations.
The Order of the Full Commission is quashed with directions to reinstate the Order of the Judge of Industrial Claims.
It is so ordered.
ERVIN, C. J., and ROBERTS, CARLTON, ADKINS and BOYD, JJ., concur.