PER CURIAM.
This cause is before us on appeal from an order of the deputy commissioner denying workers’ compensation benefits based on the statute of limitations.
Claimant Henrietta B. McCord, a 71-year-old woman, was struck on the head by a falling case of beer while she was restocking the shelves at Southland Corporation’s 7-Eleven Store in March 1988. Several months later, she developed headaches and partial paralysis. Claimant received short and then long-term disability benefits from the employer/carrier as her condition worsened. Her doctor later indicated that her disability resulted from the March 1983 accident. Although her employer was informed that the March 1983 accident was the cause of claimant’s disability, neither the employer nor the carrier filed a notice of injury with the Division of Workers’ Compensation (the Division) as required by Section 440.185, Florida Statutes (1983). Due to the employer/carrier’s failure to file a notice of injury, the Division never mailed claimant an informational brochure on workers’ compensation law pursuant to Section 440.185, Florida Statutes (1983). Claimant continued to receive long-term benefits and was not notified that her benefits would terminate when she turned 70 until a year after the workers’ compensation statute of limitations had expired. The deputy found that claimant’s subsequent workers’ compensation claim was barred by the expiration of the statute of limitations and dismissed the case.
We reverse since the statute of limitations under workers’ compensation law does not begin to run until the employer/carrier satisfies the initial burden of filing a notice of injury with the Division pursuant to Section 440.185, Florida Statutes (1983).
Accordingly, the order is REVERSED and REMANDED for proceedings consistent herewith.
ERVIN, BOOTH and THOMPSON, JJ., concur.