SHIVERS, Chief Judge.
The claimant in this worker’s compensation case appeals the deputy commissioner’s (DC’s) order dismissing his claim as untimely. We reverse and remand for hearing on the claim.
Claimant suffered a compensable injury while working for Winter Haven Hospital and he received temporary total disability (TTD) benefits until September 1985. Dr. Bellegarrigue treated claimant and diagnosed some disc bulging and herniation. The doctor returned claimant to work September 1985. The doctor sent the servicing agent (SA) a note that claimant reached maximum medical improvement October 2, 1985 with a 7-10% permanent physical impairment to the body. On February 11, 1986, the SA sent claimant a letter advising him of receipt of the doctor’s report and advising him of his entitlement to future wage loss in the event such was incurred. Claimant testified that because he lived at another address he never received this letter. He said, however, that in October 1985, before the SA sent the “entitlements” letter, he notified the SA of his new address. The SA did not dispute this.
Claimant testified that no one, including the hospital’s workers’ compensation (WC) handler, indicated what his rights were under the WC procedures and no one ever mentioned a statute of limitations.
Claimant was fired August 1987. He said that between the time of his initial medical treatments and the firing, he had approached the hospital’s WC handler numerous times about further medical treatment, and chiropractic care.
The WC handler stated that claimant did not seek medical treatment for his compen-sable back injury during the entire year of 1986. The handler stated that claimant, approached her in June 1987 requesting to see a chiropractor so she contacted the SA which asked that claimant first see Dr. Bellegarrigue again. She set an appointment for July 22, 1987, informed the claim *819 ant of this appointment, and the claimant failed to keep the appointment. She stated that claimant came to her again on August 18, 1987 complaining of pain and asserting that Dr. Bellegarrigue told him that he would not refer him to a chiropractor.
Claimant testified that he did not go back to Dr. Bellegarrigue because the doctor told him there was nothing more he could do for him and because he worked at the hospital with the doctor on a daily basis and he did not want to harm the working relationship by constantly nagging the doctor. Claimant filed a claim for wage loss and further medical benefits in February 1988.
We held in Wood v. McTyre Trucking Co., 526 So.2d 739, 742 (Fla. 1st DCA 1988) that it is the responsibility of the employer to place needed benefits in the hands of the injured worker “when the employer knows, or reasonably should know from facts properly and diligently investigated, that such benefits are due_ This obligation cannot be met unless the employer informs the injured worker of the benefits to which he or she may be entitled.” We find that claimant’s employer failed to meet its obligation. Its servicing agent sending an “entitlements” letter to claimant’s old address when it appears the new address had been furnished, did not discharge the employer’s obligations to inform. Claimant’s numerous requests for treatment should have indicated to the employer and the servicing agent that they must, at least, inform the claimant of his entitlements and assist him in securing any benefits to which he may be entitled. Id.[1] Further, once the claimant specified to the hospital’s WC handler that he desired chiropractic treatment, the employer was required to provide chiropractic treatment or obtain a ruling that such care was not in the claimant’s best interest. Teimer v. Pixie Playmates, 532 So.2d 37 (Fla. 1st DCA 1988). The SA’s imposition of the requirement that the claimant first see Dr. Bellegarrigue when that doctor had indicated that he could do nothing else for the claimant, was contrary to our decision in Teimer. Under these circumstances we find the statute of limitations cannot be applied to bar claimant’s claim.
REVERSED and REMANDED for hearing on the claim.
SMITH and BARFIELD, JJ., concur.

. Compare Sherrill v. Fuchs Baking Company, 327 So.2d 222 (Fla.1976) (wherein the supreme court held that the employer did not have such knowledge of the employee’s condition as would toll the statute of limitations. The holding turned not only on the claimant’s delay in seeking benefits but also on the claimant’s failure to ever seek medical treatment for complications arising out of his compensable injury. In the instant case, the hospital’s WC handler acknowledged that claimant sought medical treatment for his back injury).