573 So.2d 155 (1991)
Pete Jeffrey RIGGS, Appellant,
v.
AL RASKA CONTRACTING/MISSION NATIONAL INSURANCE COMPANY/F.I.G.A., Appellees.
No. 89-2518.
District Court of Appeal of Florida, First District.
January 15, 1991.
William W. Massey, III, Jacksonville, for appellant.
William R. Swain of Webb, Swain & O'Quinn, P.A., Jacksonville, for appellees.
PER CURIAM.
Appellant, the claimant in a workers' compensation case, appeals an order denying his claim for permanent impairment benefits based upon the two year statute of limitations found in Section 440.19(2)(a), Florida Statutes (1981). We find that since the employer/carrier did not afford adequate notice to the claimant of his possible entitlement to permanent impairment benefits because of the amputation of his finger, the statute did not apply. Therefore, we reverse the order on appeal.
On January 24, 1985, the employer/carrier sent a letter to the claimant which provided a detailed explanation of the claimant's rights to wage loss benefits, but which, in contrast, provided only a vague reference to his possible right to other benefits under the Florida Workers' Compensation Act.
The Florida Workers' Compensation Act is designed to be self-executing, and the employer/carrier carries the obligation to notify injured workers of their possible entitlement *156 to benefits. We find that the January 24, 1985 letter did not afford the claimant adequate notice of his eligibility for permanent impairment benefits, and therefore the claim was not barred by Section 440.19(2)(a), Florida Statutes (1981). Wood v. McTyre Trucking Co., 526 So.2d 739 (Fla. 1st DCA 1988).
The order on appeal is reversed, and this cause is remanded for further proceedings in accordance with this opinion.
WENTWORTH, JOANOS and ALLEN, JJ., concur.