615 So.2d 811 (1993)
William TIMMENY, Appellant,
v.
TROPICAL BOTANICALS CORP./Zurich Insurance Company, Appellees.
No. 91-3723.
District Court of Appeal of Florida, First District.
March 16, 1993.
*812 Jerold Feuer, Peter Schwedock of Pelzner, Schwedock, Finkelstein, Miami, for appellant.
Steven Kronenberg and Sylvia A. Krainin of Kelley, Kronenberg, Kelley, Gilmartin & Fichtel, Miami Lakes, for appellees.
ERVIN, Judge.
Appellant, William Timmeny, appeals an order denying his claim for temporary and/or permanent disability benefits, medical care, costs, and attorney's fees, based upon the bar of the two-year statute of limitations found in Section 440.19(1)(a), Florida Statutes (1985).[1] We conclude that because the employer/carrier (E/C) did not afford adequate notice to the claimant of his possible entitlement to disability benefits within the limitation period, thereby prejudicing claimant, the E/C is estopped from asserting the statute of limitations defense until the time that claimant was first notified, within a reasonable degree of medical probability, that his condition was compensable. We therefore reverse and remand the case for further proceedings.
The claimant was employed by Tropical Botanicals Corporation as president of its subsidiary in Costa Rica in 1985. He has, however, been unable to work since February 1987 due to his development of aplastic anemia, a form of anemia which, according to his personal treating physician, Dr. Yeon Ahn, a hematologist, causes the suppression of bone marrow so that the body is unable to manufacture blood cells. Dr. Ahn testified that it is a very rare and often fatal disease. The parties stipulated that the accident occurred on February 1, 1987, and that claimant's disability began on February 12, 1987, when he was hospitalized for the condition. The claim was filed on June 29, 1990.
In applying the statutory bar, the judge of compensation claims (JCC) found that as of March 1987 the claimant knew of a possible connection between his condition and pesticide exposure at his workplace in Costa Rica, based upon a report by Dr. Ahn dated March 24, 1987, and a conference shortly thereafter between Dr. Ahn, the claimant, and the employer. Dr. Ahn's medical report of March 24, 1987 stated that Dr. Ahn had discussed claimant's condition with him and that two possible causes of his condition were considered: *813 viral infection (a nonindustrial cause) and chemical exposure at the workplace. Copies of the report were issued both to the employer and the claimant. Following the employer's receipt of the report, a conference was held at which claimant, Dr. Ahn, Jeannette Toburmina, the trustee in bankruptcy of the employer, and Arthur Weitzner, the general counsel for the employer, were present. One of the topics discussed was all of the possible causes of claimant's condition, including pesticide exposure.
In addition to Dr. Ahn's report, the JCC relied on a report dated November 19, 1987, by Dr. Roger Kelley, a neurologist with the University of Miami Hospitals, stating that claimant informed him in November 1987 of the possible connection between his aplastic anemia and his pesticide exposure while employed with Tropical Botanicals. The JCC thereupon concluded that because claimant knew of a possible connection between his condition and his employment as early as February 1987 and as late as November 1987, the claim filed in 1990 was barred by the statute of limitations.
While applying the limitation restriction to the claim, the JCC also accepted the opinion testimony of Dr. Lora Fleming, employed as an assistant professor at the University of Miami School of Medicine, and board certified in both family medicine and occupational medicine, who stated that it was more probable than not that claimant's disease was related to his exposure to chemicals during his employment. Dr. Fleming stated that she first met claimant in July 1990 at the University of Miami medical library and has since been assisting him in preparing a paper for publication on the subject of aplastic anemia. After taking a history from claimant, reviewing Dr. Ahn's records, and researching the medical literature on the subject, she reached her conclusion on causation, particularly in view of claimant's history of exposure to Lindane and Captan while in Costa Rica, which she described as culprits in the development of the disease.
Dr. Fleming characterized aplastic anemia as an extremely rare condition, the cause of which not much is currently known, although its most commonly assumed cause is viral. She moreover opined that the state of knowledge about the disease in 1987 was such that it would then have been extremely difficult to determine, within a reasonable degree of medical probability, that a causal relationship existed between aplastic anemia and pesticide exposure, in that not many studies of the disease had then been made. She continued, however, that research in this particular area has increased in more recent years.
Claimant was apparently first informed by Dr. Fleming of the compensable character of his condition within a reasonable medical probability sometime during 1990, the same year he filed his claim. The information which claimant received from Dr. Fleming in 1990 contrasted sharply from that which he obtained from his treating physician, Dr. Ahn, who, when he was last deposed in 1991, stated that he remained uncertain as to what caused claimant's disease.
Appellant argues that in applying the statutory bar of section 440.19(1)(a), based upon the fact that claimant knew more than two years before the filing of his claim that one of the possible causes of his condition was pesticide exposure at the workplace, the JCC applied an incorrect legal standard. Claimant argues that until he realized, as a reasonable person, the probable compensable character of the disease, indicating to him that his condition was causally related to exposure to chemicals at the workplace, the running of the statute of limitations was tolled. We do not reach this issue in that we agree with appellant regarding his second point, in which he contends that the JCC erred in failing to estop the E/C from raising the statute of limitations defense.
Assuming, without deciding, that an employee's recognition that his or her injury or disease may possibly be related to his or her employment equates to knowledge of the probable compensable character of such injury or disease, thereby setting in *814 motion the running of the statute of limitations, we conclude that in circumstances wherein an employer has the same knowledge as the claimant of such possible cause, but fails to apprise the claimant that he or she may be entitled to compensation benefits within the statutory period, resulting in prejudice to claimant, the employer must be estopped from relying upon the statute of limitations as a defense until such time that claimant receives actual knowledge of the compensable nature of the claim.
The evidence at bar clearly discloses that despite the employer's knowledge at approximately the same time as claimant that a possible cause of claimant's disease was his exposure to pesticides at his employment, it failed to notify claimant of this and of his possible entitlement to compensation benefits. Notwithstanding the breach of its obligation to inform, it now inconsistently relies upon the statute of limitations defense. We are in agreement that Florida's statutory notice requirement bars the employer's assertion of the defense under such circumstances.
Section 440.185(2), Florida Statutes (Supp. 1986), requires the employer, within seven days of knowledge of injury, to report such injury to the carrier and the employee, advising, among other things, the cause and nature of the injury and its date of occurrence, and requires the carrier to notify the Division of Workers' Compensation in Tallahassee within 10 days. Subsection (4) provides that upon receipt of notice of injury from the employer, the Division shall immediately mail an informational brochure to the injured worker, setting forth in clear and understandable language a summary statement of the rights, benefits, and obligations of injured workers under the workers' compensation act. Consequently, in consideration of the above statutory provisions, we are of the view that if an employer, as here, receives information that an employee's injury or condition may be work-related, but fails to comply with its statutory obligation to provide notice of same, the employer must be estopped from later asserting the statute of limitations as a defense under circumstances disclosing that the employer's breach of its statutory duty to inform resulted in prejudice to the claimant.
In reaching our decision, we are strongly influenced by the California Supreme Court's opinion in Reynolds v. Workmens' Compensation Appeals Board, 12 Cal.3d 726, 117 Cal. Rptr. 79, 527 P.2d 631 (1974) (in bank), wherein the court rejected the E/C's reliance upon the statute of limitations as a bar to the employee's claim. In so concluding, the court noted that the employer was required, pursuant to California Department of Industrial Relations rules, to notify the claimant of the possibility of his entitlement to workers' compensation benefits and, because the employer denied that claimant was entitled to same, to send him an unequivocal statement to such effect, which it had failed to do. Id., 117 Cal. Rptr. at 80, 527 P.2d at 632. The court concluded with the following statements:
The clear purpose of these rules is to protect and preserve the rights of an injured employee who may be ignorant of the procedures or, indeed, the very existence of the workmen's compensation law. Since the employer is generally in a better position to be aware of the employee's rights, it is proper that he should be charged with the responsibility of notifying the employee, under circumstances such as those existing here, that there is a possibility he may have a claim for workmen's compensation benefits.
Id., 117 Cal. Rptr. at 81, 527 P.2d at 633 (emphasis added).
Later, in Kaiser Foundation Hospitals v. Workers' Compensation Appeals Board, 39 Cal.3d 57, 216 Cal. Rptr. 115, 702 P.2d 197 (1985) (in bank), the California Supreme Court explained its holding in Reynolds as follows:

Reynolds stands for the proposition that when an employer fails to perform its statutory duty to notify an injured employee of his workers' compensation rights, and the injured employee is unaware of those rights from the date of injury through the date of the employer's breach, then the statute of limitations *815 will be tolled until the employee receives actual knowledge that he may be entitled to benefits under the workers' compensation system.
Id., 216 Cal. Rptr. at 119, 702 P.2d at 201 (footnote omitted).
The court continued that following the Reynolds decision, the California legislature amended section 5402 of the California Labor Code, relating to notice of injury, which had the effect of codifying the Reynolds rule by statutorily requiring the employer, upon receiving notice of an injury, to notify "the injured employee ... that he may be entitled to benefits under this division."[2]Kaiser, 216 Cal. Rptr. at 119, 702 P.2d at 201. In discussing the effect of the amendment, the court made the following observations:
We think it significant that the reinforcement of the employer's duty to notify following Reynolds was accomplished not by modifying section 5405 (the limitations period), but by expressly codifying that duty in a separate section entitled, "Notice of Injury." (§ 5402.) Because this was the approach taken, we conclude that the Legislature did not intend to postpone automatically the commencement of the limitations period until an employer with knowledge of an industrial injury notified the employee of his workers' compensation rights. If the Legislature had intended an automatic postponement, it could easily have been accomplished by an amendment to section 5405.
Id., 216 Cal. Rptr. at 120, 702 P.2d at 202.
The court nevertheless concluded that the Reynolds codification necessarily implied, because of the established legislative policy of protecting those unaware of their rights, "that the remedy for breach of an employer's duty to notify is a tolling of the statute of limitations if the employee, without that tolling, is prejudiced by that breach." Id. (emphasis added). The court explained its adoption of the above rule in the following terms:
Requiring prejudice to toll the limitations period promotes the policy behind the notification statutes: to protect those unaware of their rights. If between the date of injury and the date the employer breaches, an employee gains the requisite actual knowledge of his workers' compensation rights, he will not be prejudiced by failure of his employer to notify him of those rights, and there is no reason to toll the statute of limitations even if his employer never advises him of his workers' compensation rights. If the employee remains ignorant of his rights past the time the employer breaches its duty to notify, the employee will be prejudiced from the date of breach until the employee gains actual knowledge that he may be entitled to benefits under the workers' compensation system. By promoting the purpose of the notice statute in this manner, we accord weight to the Legislature's choice following Reynolds to modify Labor Code's notice requirements rather than to alter the statute of limitations.
Id. (emphasis added).
In his discussion of the Reynolds and Kaiser Foundation Hospitals decisions, Professor Larson comments that Florida, similar to California, "also imposes on the carrier [under the 1979 amendments] an obligation to notify the claimant that he might be eligible for benefits." 2B Arthur Larson, The Law of Workmen's Compensation, § 78.45 at XX-XXX-XX-XXX (1989). Indeed, Florida courts, both before and after the 1979 amendments to the Workers' Compensation Law, have construed the act as requiring that the statute of limitations be tolled if the employer fails to comply with its statutory duty to inform. See Jenkins v. M.H. Harrison Constr. Co., 228 So.2d 911 (Fla. 1969) (E/C estopped from asserting the statute of limitations defense because of its failure to disclose a physician's report recommending further medical care to the claimant); Riggs v. Al Raska Contracting/Mission Nat'l Ins. Co., *816 573 So.2d 155 (Fla. 1st DCA 1991) (employee's claim for permanent impairment benefits was not barred by the two-year statute of limitations, because employer's notice to claimant did not adequately describe the availability of benefits other than wage loss); Department of Revenue v. Carol Management Corp., 574 So.2d 238 (Fla. 1st DCA 1991) (two-year limitation period did not bar worker's claim in that claimant informed both servicing agent and employer during the limitation period that his injury may have been related to his industrial accident, but neither employer nor servicing agent advised claimant of his rights and obligations under chapter 440); Stine v. Winter Haven Hosp., 548 So.2d 818 (Fla. 1st DCA 1989) (statute of limitations defense rejected on facts showing that agents for the employer sent entitlement letter to the employee's former address rather than that which had been supplied by the employee); McCort v. Southland Corp., 543 So.2d 232 (Fla. 1st DCA 1988) (an E/C is estopped from invoking the statute of limitations defense when its actions have lulled the claimant into complacency resulting in his failure to timely assert his legal rights), review denied, 553 So.2d 1166 (Fla. 1989); Wood v. McTyre Trucking Co., 526 So.2d 739 (Fla. 1st DCA 1988) (E/C's failure to advise claimant of his possible right to wage-loss or TPD benefits immediately after its termination of voluntary TTD payments, caused the statute of limitations to be suspended until the date the E/C actually notified claimant of his entitlement to benefits); Gall Silica Mining Co. v. Sheffield, 401 So.2d 1169 (Fla. 1st DCA 1981) (notice which carrier sent to employee, informing him that he might be eligible for benefits and that he must file a request for benefits, but not telling him by what date he was required to file the request, did not comply with the statutory obligation that the employer notify claimant of statutory deadlines).
The instant case is similar in its facts to those in Wood v. McTyre Trucking Co., wherein the court, in holding the statute of limitations tolled due to the failure of the employer to comply with the notice requirements of section 440.185, stated:
Under the Workers' Compensation Law, an employer is under a continuing obligation, once it has knowledge of an employee's injury, to place needed benefits in the hands of the injured worker. An employer must offer or furnish benefits when the employer knows, or reasonably should know from facts properly and diligently investigated, that such benefits are due. Sistrunk v. City of Dunedin, 513 So.2d 200 (Fla. 1st DCA 1987). This obligation cannot be met unless the employer informs the injured worker of the benefits to which he or she may be entitled.
* * * * * *
In the instant case, it would be inequitable to allow the E/C to shirk their responsibilities and obligations to notify claimant of possible benefits under the Workers' Compensation Act, and then assert that claimant's untimely claim for benefits is barred by the statute of limitations.
Wood, 526 So.2d at 741-42 (emphasis added).
We therefore conclude from our review of the above authorities that if an employer has received substantially the same information as an employee indicating that a possible cause of the employee's injury or disease is work-related, the employer is required to comply with the notice provisions of section 440.185 by informing the employee of his or her rights therein, and if the employer breaches its duty to so inform, and such breach causes prejudice to the employee, the running of the statute of limitations will be tolled until such time that the employee obtains actual knowledge from any source that he or she may be entitled to compensation benefits.
In that the employer at bar knew in 1987 that pesticide exposure at the job site was one of the possible causes of claimant's condition, it had the statutory duty then to inform claimant that benefits might be owing to him; therefore, the employer's failure to comply with its obligation obviously would result in prejudice to the claimant if the statute of limitations were enforced. *817 Consequently, the employer's breach of its statutory obligation requires that the statute of limitations be tolled until the claimant received actual notice that his disease was compensable within a reasonable degree of medical probability, which, in the case at bar, did not occur until 1990. Because he filed his claim within the same year, the bar of the limitation period in section 440.19 is inapplicable.
Appellee also argues that appellant has failed to preserve his estoppel argument in that he raised it for the first time by motion for rehearing following the entry of the order. On the contrary, it appears from the record that it is the appellee  not appellant  which has failed to preserve the waiver issue on which it relies. Appellee never argued during the hearing on the motion for rehearing that the claimant's estoppel argument in avoidance of the employer's limitations defense was untimely due to claimant's failure to raise such contention earlier. Indeed, the parties argued the issue of estoppel on the merits before the JCC during the post-order hearing, and, from our own review of the record before us, the JCC's subsequent order of denial clearly appears to be directed to the merits of the motion for rehearing.
Moreover, even if the issue of waiver had been timely brought to the attention of the JCC during the arguments on the motion for rehearing, a substantial body of case law appears to allow a party to raise an issue such as this by motion for rehearing, so long as no further fact-finding is required. See, e.g., Chain Store Warehouses v. Picard, 431 So.2d 685 (Fla. 1st DCA 1983) (E/C failed to challenge the sufficiency of the evidence regarding claimant's entitlement to WL benefits, and should have challenged JCC's award of such benefits within time before order became final); B & J Windows v. Sweitzer, 420 So.2d 363 (Fla. 1st DCA 1982) (carrier should have asserted within 20[3] days after order was mailed that JCC erred in excluding claimant's non-covered employment from consideration for purpose of determining the amount of wage-loss benefits due claimant); Dade Am. Hosp. Supply v. Perez, 417 So.2d 296 (Fla. 1st DCA 1982) (carrier should have informed JCC within 30-day period before order became final that JCC erroneously relied on testimony of physician who did not consult AMA Guides in assigning impairment rating); Sunland Hosp./State of Fla. v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982) (E/C should have asked JCC within 30 days, pursuant to the 1981 statute, to correct "technical error" in which JCC concluded there was 75% permanent impairment, but neither physician/witness was asked to assign impairment rating, and carrier did not question impairment rating in pre-hearing filing or at the hearing).
The appellee also refers in its answer brief to the 1989 amendment to the statute of limitations, Section 440.19(1)(a), Florida Statutes (1989), which provides:
This limitations period shall not be tolled or extended by the failure of the employer or carrier to file a notice of injury or any other report or notice required to be filed under this chapter or by the failure of the division, the employer, or the carrier to furnish to the employee or other claimant informational materials required under this chapter, unless such omission by the employer or carrier was intentional and done to deprive the employee of benefits due under this chapter.
The E/C asserts that the above provision is remedial, because it merely explained section 440.19(1)(a), thus it applies to the case at bar, notwithstanding that appellant's illness commenced in February 1987, before the amendment was enacted. We cannot agree that the amended statute is applicable. In our judgment the above amendment is clearly substantive in its effect, and, because it was enacted after the date of claimant's injury, it can be accorded only prospective application. See Sullivan v. Mayo, 121 So.2d 424, 428 (Fla. 1960), cert. denied, 133 So.2d 647 (Fla. 1961). As a consequence, claimant's right to assert estoppel in defense to the employer's controversion of the claim based upon the statute *818 of limitations would, if his defense were governed by the rules of civil procedure, be considered an affirmative defense, Florida Rule of Civil Procedure 1.110(d), and therefore a substantive right which cannot be abrogated retroactively.
REVERSED and REMANDED for further proceedings.
WIGGINTON and ZEHMER, JJ., concur.
NOTES
[1] That subsection provides in part: "The right to compensation for disability, rehabilitation, impairment, or wage loss under this chapter shall be barred unless a claim therefor ... is filed within 2 years after the time of injury... ."
[2] As previously observed, Section 440.185, Florida Statutes, places the same obligation on the employer.
[3] The time allowed was changed from 20 days to 30 days in 1979.