SHEPHERD, J.,
dissenting.
The issue in this ease is whether the alleged failure of an employer to report a workplace injury to his workers’ compensation carrier, pursuant to section 440.185(2) of the Florida Statutes (2006), liberates the employee to sue the employer for workplace negligence. The answer to the question is “no.”
This is an appeal of a nonfinal order denying an employer, Ocean Reef Club, Inc., the benefit of immunity from suit under section 440.11(1) of the Florida Workers’ Compensation Law (hereinafter sometimes referred to as “the Law”) on the ground Ocean Reef failed its statutory obligation to “secure the payment of compensation” required by section 440.10(l)(a) of the Law to two former employees of Ocean Reef Club Salon and Spa — hair stylist Cherrye Wilczewski and nail technician Laura Leon — for alleged work-related respiratory injuries caused by poor air quality in the Salon and Spa during the periods of their respective employment. During all their years of employment, Ocean Reef had workers’ compensation insurance covering both Wilczewski and Leon. By the reckoning of the trial court, Ocean Reefs sanction-compelling transgression was its failure to promptly initiate the workers’ compensation benefits delivery process for each of them at the time they notified Ocean Reef of their respective illnesses. Ocean Reef concedes for the purpose of these proceedings that each employee timely notified the company of her alleged illness while employed, but did not notify its workers’ compensation carrier of the injury.
In denying workers’ compensation immunity to Ocean Reef, the trial court relied upon the employer’s reporting obligation under section 440.185(2) of the Florida Statutes (2006),[2] which requires an employer who is “liable for” and has “secure[d]” workers’ compensation coverage for the benefit of his or her employees to report a work-related injury of any such employee to the carrier within seven days of receiving “actual knowledge” of the injury.[3] The trial court worried that if it afforded Ocean Reef the remedy of exclusivity on the facts of this case, “[then] what I’m doing is rewarding an employer for not satisfying his statutory obligation.” [4]
The trial court erred by engaging in such worry. The legal responsibility to initiate the benefits delivery process is personal to the employee. The risk of the employee’s failure to be responsible does not fall on the employer. The employer’s obligation under the Law is simply to put its employees on notice of the requirements by which the employee may seek benefits from the carrier. The employer met this requirement in this case. For *6 these reasons, I dissent and would reverse and remand this ease to the trial court with directions to afford Ocean Reef the benefit of the statutory bargain of exclusivity negotiated long ago by the legislature of this state for the benefit of employers who comply with its order to obtain a policy of workers’ compensation insurance and make it accessible to those employees covered by the policy. A brief summary of the factual and procedural background of this case is necessary to explain my decision.
FACTUAL AND PROCEDURAL BACKGROUND
The underlying actions, separately filed by Cherrye Wilczewski and Laura Leon,[5] are substantively identical, single-count, negligence complaints alleging work-related respiratory injuries caused by poor air quality in the Salon and Spa building. Wilczewski was employed as a hair stylist in the Salon and Spa from 1997 to September 2006. Leon was employed as a nail technician in the Salon and Spa from 2001 to February 2006. During all the years of their respective employment, Ocean Reef had workers’ compensation insurance covering both Wilczewski and Leon. Posters proclaiming the fact were posted on the Ocean Reef premises. Both Wilczewski and Leon signed multiple forms during the course of their employment acknowledging receipt of employee pamphlets and information describing the procedures for reporting and seeking medical treatment for on-the-job injuries or illnesses. In fact, Wilczewski filed a workers’ compensation claim and received benefits for an arm injury preceding the controversy that brings us together in this case.
Each plaintiff contends her injury manifested itself dining her time of employment. Athough disputed by Ocean Reef, each plaintiff alleges she advised Ocean Reef of her illness while employed at Ocean Reef. It is their contention that upon being advised of a work-related injury, it was Ocean Reefs job to notify the carrier and initiate the flow of benefits.
Leon filed her complaint on February 29, 2008, two years after she quit her job at Ocean Reef. Wilczewski filed her complaint on August 5, 2008, just shy of two years after she quit her job at Ocean Reef. Neither Wilczewski nor Leon sought to file a petition for workers’ compensation benefits with any entity prior to filing her complaint. No one at Ocean Reef ever told Wilczewski or Leon they could not make a claim for workers’ compensation benefits or that they were not entitled to such benefits. In fact, the multiple handbooks and updates received by Wilczewski and Leon during the course of their employment explained to the contrary.
Athough it probably was not legally required to do so, see § 440.185(1), Fla. Stat. (2006),[6] Ocean Reef reported the existence of Wilczewki’s and Leon’s alleged workers’ compensation injuries to its workers’ compensation carrier after it was served with each lawsuit. The carrier, in turn, issued a denial of benefits for two reasons: (1) lack of workplace injury under section 440.02 of the Florida Statutes, and (2) the “Statute of limitations for employee/attorney to raise petition for benefits expired pursuant to Florida Statute 440.19.” A- *7 though Wilczewski and Leon received notice of the carrier’s actions, neither elected to participate in the carrier’s review process or appeal the carrier’s decision. They argue they were excused from participation and any adverse consequence resulting therefrom because of Ocean Reefs earlier breach of its obligation to report the alleged workplace injuries to its workers’ compensation carrier under section 440.185(2). Ocean Reefs concession, for purposes of these proceedings, that it received timely notice of a workplace injury from Wilczewski and Leon during the course of their employment and it did not give timely notification to its workers’ compensation insurance carrier as would be required by subsection 440.185(2),[7] squarely presents for resolution the dispositive issue: Does the failure of an employer to report a workplace injury to its workers’ compensation carrier within seven days after receiving knowledge of the injury, as required by subsection 440.185(2), estop the employer from the benefit of workers’ compensation immunity? My study of section 440.185 of the Florida Statutes leads me to the conclusion it does not.
ANALYSIS
The Florida Workers’ Compensation Law, Chapter 440 of the Florida Statutes, has as its purpose: the removal of the burden of a workplace injury on the workman himself and placing it on the industry he served, irrespective of the cause of the injury. Dennis v. Brown, 93 So.2d 584, 588 (Fla.1957). The Law achieves this purpose by “abolishing] the right [of an injured worker] to sue his employer in tort for a job-related injury [and replacing that remedy with] adequate, sufficient, and even preferable safeguards for an employee who is injured on the job....” Perez v. La Dove, Inc., 964 So.2d 777, 779 (Fla. 3d DCA 2007). Wilczewski and Leon correctly point out that this Law makes virtually every employer in the state[8] “liable for” and legally obligated to “secure[ ] the payment ... of compensation” for a workplace injury to his or her employees. § 440.10(l)(a), Fla. Stat. (2006). An obligated employer may comply with the Law either by (1) insuring the payment of such compensation through a policy of workers’ compensation issued by a company authorized to do business in the state; or (2) providing satisfactory proof to the Florida Self-Insurers Guaranty Association, Incorporated, of financial strength necessary to ensure timely payment of current and future claims for workplace injury. § 440.38(1), Fla. Stat. (2006). As is familiarly known in the industry, this “liability,” once satisfied by the employer, is said to be “exclusive and in the place of all other liability ... of such employer ... to the employee” for damages stemming from a workplace injury, again with some modest exceptions typically centered around injuries caused by an intentional tort. § 440.11(1), Fla. Stat.
Although at first blush one might conclude from a study of these three provisions of Florida’s Workers’ Compensation Law that the obligation of the employer begins and ends with the acquisition of a *8 policy of workers’ compensation insurance (or, in the rarer case, satisfactory proof of financial strength) and, of course, making it known to the employee that it has done so, § 440.40, Fla. Stat., Wilczewski and Leon argue that such conclusion is an incorrect one. According to these appellees, the obligation imposed by the state legislature upon an employer under the Workers’ Compensation Law to “secure ... the payment of ... compensation” to his or her employee for a workplace-caused injury includes an obligation upon the employer to either “make the claim” or, at a minimum, initiate the benefit delivery process for the employee upon learning of the injury. Appellees derive this obligation from the plain text of section 440.10(l)(a). They point to subsection 440.185(2) of the Florida Statutes as the implementing provision. This subsection reads in part:
(2) Within 7 days after actual knowledge of injury or death, the employer shall report such injury or death to its carrier, in a format prescribed by the department, and shall provide a copy of such report to the employee or the employee’s estate. The report of injury shall contain the following information:
(a) The name, address, and business of the employer;
(b) The name, social security number, street, mailing address, telephone number, and occupation of the employee;
(c) The cause and nature of the injury or death;
(d) The year, month, day, and hour when, and the particular locality where, the injury or death occurred; and
(e)Such other information as the department may require.
[[Image here]]
(4) Within 3 days after the employer or the employee informs the carrier of an injury the carrier shall mail to the injured worker an informational brochure approved by the department which sets forth in clear and understandable language an explanation of the rights, benefits, procedures for obtaining benefits and assistance, criminal penalties, and obligations of injured workers and their employers under the Florida Workers’ Compensation Law.
§ 440.185, Fla. Stat. Wilczewski and Leon misconstrue the law.
Section 440.185 of the Florida Statutes
A brief perusal of the history and development of section 440.185 — -beginning with its title, “Notice of injury or death; reports; penalties for violations,” and then following it etiologieally from its first appearance in the Florida Statutes in 1975, see ch. 75-209, § 10, Laws of Fla.,[9] to its placement among the nearly one hundred other sections of Florida’s Workers’ Compensation Law — reveals the chief purpose of the law is to establish a reporting and data collection regime to assist the state regulators who exercise oversight responsibility over the Law.
As originally adopted by the Florida legislature in 1975, subsection (1) of section 440.185 required an employee to advise her employer of an injury within thirty days after the date of an injury.[10] *9 § 440.185(1), Fla. Stat. (1975). Subsection (2) required the employer give notice of the injury, together with certain prescribed information, to its workmen’s compensation carrier within ten days of “actual knowledge of injury,” however that knowledge was obtained. § 440.185(2), Fla. Stat. (1975). The workmen’s compensation carrier then had an additional ten days to mail the information required by subdivision (2) to the Division of Labor (now Workers’ Compensation) of the Florida Department of Commerce. § 440.185(4), Fla. Stat. (1975). The statute contained no requirement the claimant be provided with any of these reports. As indicated by its title, the purpose of this section of Florida’s Workers’ Compensation Law from the beginning has been to serve the administrative needs of the Florida Division of Workers’ Compensation. This is underscored by the fact the only penalty authorized to be levied on either an employer or carrier who failed to comply with the notice requirements of section 440.185 at this time was a fine:
Any employer or carrier who fails or refuses to send any form, report, or notice required by this section shall be subject to a civil penalty not to exceed $100 for each such failure or refusal. However, any employer who fails to notify the carrier of the injury on the prescribed form or by letter within the 10 days required in subsection (2) shall be liable for the civil penalty, which shall be paid by the employer and not the carrier. Failure by the employer to meet its obligations under subsection (2) shall not relieve the carrier from liability for the civil penalty if it fails to comply with subsections (4) and (5).
§ 440.185(9), Fla. Stat. (1975).[11] One can be confident, based upon the structure, purpose, and penalty regime found in this initial iteration of section 440.185 of the Florida Statutes, that if the legislature intended to include the more serious penalty of loss of immunity from suit among the consequences of employer non-compliance with this subsection of the law, it would have done so.
The essential structure and purpose of section 440.185 has not changed since the beginning. Section 440.185(1) of the Florida Statutes to this day obligates an employee to give notice of a workplace injury to her employer within thirty days of its initial manifestation, unless the employer has actual knowledge of the injury or other exceptions apply. See § 440.185(1), Fla. Stat. (2011). Subsection (2) still requires the employer to notify the workers’ compensation carrier[12] of the injury, together with precisely the same prescribed information as section 440.185(2) did in 1975, albeit with a slightly shorter seven-day deadline. See § 440.185(2), Fla. Stat. (2011). In addition, the same subsection requires the carrier to “file the information required by this subsection [ (2) ] with the [Division of Workers’ Compensation of the Florida Department of Financial Services],” just as section 440.185(4) of the Florida Statutes did in 1975.
*10 To be sure, a small handful of the more than two dozen amendments since 1975 have included some requirements of employee notification. In 1979, section 440.185(2) was amended to require the carrier’s report to the division of workmen’s compensation to also be provided to the employee. See ch. 79 — 40, § 14, Laws of Fla. In that same year, the legislature added the requirement that upon a carrier’s notice of injury to the Florida Workmen’s Compensation Division, the Division was required to mail an informational brochure to the injured worker, setting forth his “rights, benefits, and obligations.” See id.[13] In 2003, the legislature amended section 440.185 by adding subsection (12), which required that upon receiving notice of an injury from an employee under subsection (1), the employer or carrier also must notify the employee of the availability of services from the Employee Assistance and Ombudsman Office, created ten years earlier to assist the employee in obtaining benefits due under the Law. See § 440.191, Fla. Stat. (1993); ch. 2003-412, § 21, Laws of Fla.
Notably, however, neither these nor any of the many other revisions and amendments to section 440.185 of the Florida Statutes between 1975 and 2003, either singularly or together, ever precipitated a change in the enforcement protocol — a civil penalty provision — selected by the Florida legislature in 1975 to discipline employers and carriers who failed to meet any requirement imposed by section 440.185. Tellingly, in this regard, the only other subsection of section 440.185 of the Florida Statutes to which the Florida legislature devoted any attention in the 2003 session was the penalty subsection for employer or carrier non-compliance with the obligations placed upon them by section 440.185. See ch. 2003-412, § 21, Laws of Fla. The modifications to that subsection at that time, with deletions stricken and additions underlined, were as follows:
(9) Any employer or carrier who fails or refuses to timely send any form, report, or notice required by this section shall be subject to an administrative fine by the department a civil penalty not to exceed $1,000 $500 for each such failure or refusal. If, within 1 calendar year, an employer fails to timely submit to the carrier more than 10 percent of its notices of injury or death, the employer shall be subject to an administrative fine by the department not to exceed $2,000 for each such failure or refusal. However, any employer who fails to notify the carrier of the injury on the prescribed form or by letter within the 7 days required in subsection (2) shall be hable for the administrative fine civil penalty, which shall be paid by the employer and not the carrier. Failure by the employer to meet its obligations under subsection (2) shall not relieve the carrier from liability for the administrative fine civh penalty if it fails to comply with subsections (4) and (5).
See id.[14] As in 1975 — but even more so in 2003 — if the legislature was of the opinion the more serious disciplinary consequence of forfeiture of immunity from suit was necessary, or even desirable, to enforce compliance by an employer or carrier with obligations required by the legislature to be performed by them under section 440.185, then it seems the legislature would have done so. See Citizens for Responsible Growth v. City of St. Pete Beach, *11 940 So.2d 1144, 1150 (Fla. 2d DCA 2006) (applying a general principle of statutory construction, expressio unius est exclusio alteráis, meaning that the “express mention of one thing is the exclusion of another”). To insinuate into section 440.185(9) of the Florida Statutes a disciplinary consequence never before contemplated by the Florida legislature for non-compliance by an employer with the reporting obligation imposed upon the employer under section 440.185(2) of the Florida Statutes, as Wilezewski and Leon would have us do, conflicts not only with the express language of the penalty provision adopted by the Florida legislature, but also with every conceivable tenet of statutory construction. See Citizens of Responsible Growth, 940 So.2d at 1150. Wilezewski and Leon can derive no support from this section of the Florida Statutes for their argument that it is the employer’s obligation to initiate the benefit delivery process to them upon their giving notice of a workplace injury.
Section 440.10(l)(a) of the Florida Statutes
Wilezewski and Leon further suggest the plain language of section 440.10(l)(a) of the Florida Statutes obligates the employer to initiate the delivery of benefits to its employee upon the occurrence of a workplace injury. The appellees again misunderstand the law. It is not the obligation to secure benefits for the employee, but rather the obligation to secure coverage that is at the heart of the Workers’ Compensation Law. See Byers v. Ritz, 890 So.2d 843, 346 (Fla. 3d DCA 2004) (“Under Florida’s Workers’ Compensation Act, ... any employer who secures workers’ compensation coverage for his employees receives extensive immunity from suit by injured workers.”) (emphasis added). By custom, benefits ordinarily flow from the carrier to the injured employee without judicial or quasi-judicial intervention as soon as the employer’s workers’ compensation carrier receives knowledge of a workplace injury covered under Florida law. It is only in the event that benefits are denied or disputed that a formal process, known as a “petition for benefits,” may ensue.[15]
Section 440.192 of the Florida Statutes gives the right to file a petition for benefits solely to the employee. See § 440.192, Fla. Stat. (2006). The Florida Workers’ Compensation Law also provides that, where an employer or carrier fails to provide benefits, the Employee Assistance Office of the Division of Workers’ Compensation will assist the employee with forms and help in completing the petition. See § 440.191(2), Fla. Stat. (2006).[16] The Employee Assistance Office is a statutorily created entity that employees are instructed by law to contact if they believe they are entitled to benefits that have not been provided: *12 § 440.191(2)(a), Fla. Stat. (2006). Although an employer may be the first to advise its workers’ compensation insurance carrier of a workplace injury, and, indeed, it may be prudent for an employer to do so, the legal responsibility of an employee to secure the benefits to which she is entitled rests with the employee.
*11 If at any time, the employer or its carrier fails to provide benefits to which the employee believes she or he is entitled, the employee shall contact the office to request assistance in resolving the dispute.
*12 Waiver and Estoppel
Wilczewski and Leon finally argue, and the majority opinion agrees, Ocean Reef should be deemed to have waived or be estopped from asserting the defense of exclusivity in this case based upon inequitable conduct. Their argument on this point appears to be twofold. They first assert Ocean Reefs failure to timely notify its workers’ compensation carrier of their injuries constitutes a de facto denial of benefits. Failing that, they argue the actual denial of benefits to them issued by the carrier after they filed suit operates to estop Ocean Reef from asserting the remedy of exclusivity in this case. I find no merit to either of these arguments.
As to their first argument, I already have demonstrated that Wilczewski and Leon were personally, legally responsible to initiate the benefits delivery process on their own behalf if they wish to receive them.[17] As to the actual denial, it appears this action was commenced sua sponte by Ocean Reefs workers’ compensation insurance carrier. There is no evidence Ocean Reef encouraged, requested, or participated in this act by the carrier. In support of their argument that Ocean Reef is es-topped to assert workers’ compensation immunity, Wilczewski and Leon rely on this Court’s recent decision in Coastal Masonry, Inc. v. Gutierrez, 30 So.3d 545 (Fla. 3d DCA 2010). However, that reliance is misplaced. In Coastal, both Coastal and its workers’ compensation carrier responded to a petition for workers’ compensation benefits filed by a Coastal employee, Bay-ardo Gutierrez, by denying he was entitled to compensation, inter alia, because Gutierrez’s condition “is not the result of an injury or accident arising out of and in the course and scope of employment.” The denial of benefits stated:
The carrier has denied the claim in its entirety. The claimant did not report the alleged injury to the employer in a timely manner, as required by F.S. 440.185(1). The present condition of the claimant is not the result of an injury by accident arising out of and in the course and scope of employment. There is no accident or occupational disease. The condition complained of is not the result of an injury, as defined by F.S. 440.02(1). The claimant’s medical condition is the result of a pre-existing condition or disease. The claimant’s medical condition is personal, pre-existing and/or idiopathic in nature.
Id. at 547 (emphasis added). As a result of Coastal’s denial in the petition proceeding, Gutierrez voluntarily dismissed his petition and filed a negligence action against Coastal. In his complaint, Gutierrez alleged that Coastal had denied his workers’ compensation claim “on the basis that the accident and injuries did not arise out of *13 his employment and were not covered by workers’ compensation.” Coastal’s answer admitted this allegation. Notwithstanding its denial that Gutierrez was an employee, Coastal denied it had waived workers’ compensation immunity and further asserted that immunity as an affirmative defense. On an interlocutory appeal to this Court, we affirmed a trial court order denying Coastal a workers’ compensation immunity defense. We stated:
In order to establish equitable estoppel for the purpose of workers’ compensation exclusivity, the following must be shown:
(1) a representation by the party es-topped to the party claiming the es-toppel as to some material fact, which representation is contrary to the condition of affairs later asserted by the estopped party; (2) a reliance upon this representation by the party claiming the estoppel; and (3) a change in the position of the party claiming the estoppel to his detriment, caused by the representation and his reliance thereon.
[[Image here]]
As a result of Coastal’s denial of Gutierrez’s claim, Gutierrez: (1) dismissed the worker’s compensation claim; (2) incurred medical expenses; and (3) filed a negligence action to recover damages resulting from his injury. Because the record establishes the elements of estop-pel, the trial court correctly ruled that Coastal was not entitled as a matter of law to workers’ compensation immunity.
Id. at 548.
Unlike Coastal, the undisputed chronology of the instant case shows Wilczewski and Leon cannot satisfy even the first element of estoppel. In Coastal, the representation element was satisfied by the employer’s denial of the employee’s petition for workers’ compensation benefits on the ground the injury did not occur in the course of employment. In our case, by contrast, Wilczewski and Leon never filed any petition for benefits, thus no petition was ever denied by Ocean Reef. Nor did anyone at Ocean Reef ever tell the appel-lees they could not make a claim for workers’ compensation benefits or were not entitled to such benefits. In fact, the multiple handbooks and updates receipted by Wilczewski and Leon during the course of their employment explained to the contrary. Wilczewski and Leon admitted they never filed a petition for benefits, but stated Ocean Reef filed a notice of injury with its workers’ compensation carrier after their employment ended, which resulted in a denial by the carrier. However, Wilczewski and Leon obviously cannot have relied on that event, which had not then occurred, in filing suit against Ocean Reef. The appellees may have suffered a detriment by not filing for workers’ compensation benefits in a timely manner, but that detriment was not caused by any representation made by Ocean Reef.
As we stated in Coastal, “Florida law ... makes it clear that judicial estoppel is a narrow exception to workers’ compensation immunity and only available when the employer attempts to take inconsistent positions.” Id. at 547-48. This and many other similar cases, see, e.g., Byerley v. Citrus Publ’g, Inc., 725 So.2d 1230 (Fla. 5th DCA 1999) (holding the employer es-topped from asserting immunity under Florida Workers’ Compensation Law when employee relied on employer’s assertion that she was not working within the scope and course of her employment at the time of the injury); Quality Shell Homes & Supply Co. v. Roley, 186 So.2d 837, 840-41 (Fla. 1st DCA 1966) (holding the employer estopped from asserting immunity under Florida Workmen’s Compensation Law when the employee relied on the employ *14 er’s statement that no workers’ compensation coverage existed and employee did not make a workers’ compensation claim nor received any benefits); cf. Fly & Form, Inc. v. Marquez, 19 So.3d 403, 404 (Fla. 3d DCA 2009) (holding that employer is not estopped from asserting exclusivity defense when it denied employee further workers’ compensation benefits); Tractor Supply Co. v. Kent, 966 So.2d 978 (Fla. 5th DCA 2007) (finding employer who asserted that injury was pre-existing as a defense to liability in workers’ compensation proceedings was not estopped from asserting exclusivity defense in tort action); Ashby v. Nat’l Freight, Inc., No. 8:09-cv-582-T-30MAP, 2009 WL 1767620, at *3 (M.D.Fla. June 23, 2009) (ruling that employer is not estopped from asserting exclusivity defense when it denied claim for benefits based on employee’s failure to file claim timely), make clear that estoppel can exist only where a worker’s compensation claim was denied on a ground wholly inconsistent with the later assertion of workers’ compensation immunity, such as no employment relationship existed, or the accident happened outside the scope of employment. In this case, Ocean Reef took no actions inconsistent with the right or ability of Wilezewski and Leon to timely seek workers’ compensation benefits from Ocean Reefs workers’ compensation insurance carrier had they the desire to do so.
The principal authority cited by the majority for its conclusion to the contrary is Timmeny v. Tropical Botanicals Corp., 615 So.2d 811 (Fla. 1st DCA 1993). Respectfully, we should reject the reasoning of Timmeny to the extent it may be read to support the proposition urged by the majority in this case, that an employer’s failure to comply with its section 440.185(2) reporting requirement estops the employer from asserting workers’ compensation immunity in a negligence action against that employer brought after the employee’s two-year window for seeking workers’ compensation benefits has passed. Not only is such a proposition contrary to the history and purpose of section 440.185, but also it opens the door for every workers’ compensation claim in the future to be converted into a negligence claim by a claimant’s simple assertion in a post-window period filed complaint that she gave notice of her workplace injury to her employer, but her employer failed to report the alleged injury to the carrier, as required by the reporting statute.
Timmeny also is distinguishable on its facts. Unlike the case before us, Timme-ny is not a negligence case. In Timmeny, the claimant, William Timmeny, sought a declaration that he was entitled to enforce his rights within the workers’ compensation scheme. He was not seeking to escape the scheme. The issue in the case was whether his employer and workers’ compensation insurance carrier could invoke a then existing iron-clad two-year limitation period to bar a pesticide injury-based workers’ compensation claim when it was not known until after the running of the limitation period that it was probable he had a compensable claim.[18] Faced with *15 a claimant who had a right but not a remedy, the First District reasoned that because both the employer and employee knew during the two-year limitation period that it was possible Timmeny had a claim, the employer and carrier were judicially estopped from asserting the two-year bar. Id. at 814. Notably, it was the claimant, Timmeny, who filed the claim “in the same year” he was advised of the compensable character of his claim. Id. at 813.
In sharp contrast to the facts in Timme-ny, Wilczewski and Leon both admit in the case before us that they knew of the com-pensable character of their respective claims before they resigned their positions at Ocean Reef in 2006, but made no effort to protect their rights, or, for that matter, to inquire of their employer why the benefits they fully believed were theirs had not flowed to them. Unlike Timmeny, Wilc-zewski and Leon’s first claim for compensation was in its counsel-filed complaint years after leaving the employment of Ocean Reef. Judicial estoppel does not and should not apply to cases of this type.
I would reverse and remand this case with directions to enter judgment for Ocean Reef.

. Because the record does not indicate when Wilczewski and Leon are alleged to have advised Ocean Reef of their respiratory injuries, I choose to use the version of Florida's Workers' Compensation Law in effect during the last year of their respective employment, the year 2006.

. The employer reporting protocol is slightly different in the event of an on-the-job injury resulting in death. In such a circumstance, the employer also is required to notify the Department of Financial Services either by telephone or telegraph within twenty-four hours of the incident. § 440.185(3), Fla. Stat. (2006).

.It is likely Wilczewski and Leon presently are time-barred from receiving workers' compensation benefits for their alleged workplace injuries. See § 440.19(1), Fla. Stat. (2006) (barring employee petitions for workers’ compensation benefits unless the petition is filed within two years after the date on which the employee knew or should have known the injury arose out of work performed in the course and scope of employment).

. Although these cases proceeded separately below, we have consolidated them here for appellate purposes.

. Section 440.815(1) provides that "Documents prepared by counsel in connection with litigation, including but not limited to notices of appearance, petitions, motions, or complaints shall not constitute notice for purposes of this section.” (emphasis added).

. Section 440.185(1) of the Florida Statutes (2006), requires an employee who suffers a workplace injury to advise her employer of the injury within thirty days of manifestation, with certain exceptions not applicable to this case.

. The Law very broadly defines "Employer” under the Workers' Compensation Law as "the state and all political subdivisions thereof, all public and quasi-public corporations therein, every person carrying on any employment, and the legal representative of a deceased person or the receiver or trustees of any person.” § 440.02(16)(a), Fla. Stat. (2006).

. Section 440.185 replaced section 440.18 of the Florida Statutes of 1974. Section 440.18 existed in the Florida Workmen's Compensation Law since the law was first promulgated by the Florida legislature in 1935. See ch. 17481, § 18, Laws of Fla. (1935). Until 1975, the provision was entitled "Notice of Injury or Death,” and possessed substantially the same structure and purpose as its successor, section 440.185, has today.

. Even then, the employee was excused from any failure to provide notice if the employer had knowledge of the injury and was not prejudiced by the failure or the judge of industrial claims excused the failure based upon *9 "some satisfactory reason.” See § 440.185(1), Fla. Stat. (1975).

. The civil penalty provision of the statute first appeared in section 440.18 in 1974. See § 440.18(5), Fla. Stat. (1974). This initial provision was carried forward and amplified when section 440.18 was replaced by section 440.185 in 1975. See § 440.185(9), Fla. Stat. (1975).

. In 1997, the legislature removed gender-specific references to this and many other Florida laws. See ch. 97-103, § 4, Laws of Fla. From that time forward, the short title for "Florida Workmen’s Compensation Law" has changed to "Florida Workers' Compensation Law.”

. In 1993, this obligation was shifted to the workmen's compensation insurance carrier. See ch. 93-415, § 22, Laws of Fla.

. Subsection 440.185(9) has not been modified further since this time. See § 440.185(9), Fla. Stat. (2011).

. In the workers’ compensation lexicon, the initiation of the benefits delivery process and the "petition for benefits” are often referred to interchangeably as the “claim.” I try to distinguish between them for purposes of clarity in this dissent.

. Considered in the context of the entire Law, it appears the term "employer” is included in this subsection of Florida's Worker’s Compensation Law because of the appearance of the rarely used option found in section 440.11(1)(a) of the Florida Statutes for an employee to elect to seek a judgment against the employer for statutory damages allowable under the workers’ compensation schedules rather than maintaining an action at law.

. I add this caveat to highlight the fact an employee may choose not to seek benefits, but instead pursue an action at law alleging the employer is not entitled to the remedy of exclusivity because her injury was caused by an intentional tort. See § 440.11(1 )(b), Fla. Stat. (2006). This is yet another reason supporting my conclusion that section 440.185(2) of the Florida Statutes should not be understood to require an employer to initiate the benefits process on behalf of an employee injury, as urged by Wilczewski and Leon. See, e.g., Jones v. Martin Elecs., Inc., 932 So.2d 1100, 1105 (Fla.2006) (reiterating an employee may be barred from filing a civil action against his employer if an employee has elected his remedy under the workers' compensation statute).

. At the time Timmeny sought workers’ compensation benefits, the limitation provision for bringing a workers' compensation claim read as follows:
(l)(a) The right to compensation for disability, rehabilitation, impairment, or wage loss under this chapter shall be barred unless a claim therefor which meets the requirements of paragraph (d) is filed within
2 years after the time of injury, except that, if payment of compensation has been made or remedial treatment or rehabilitative services have been furnished by the employer on account of such injury, a claim may be filed within 2 years after the date of the last payment of compensation or after the date of the last remedial treatment or rehabilitative services furnished by the employer. *15 § 440.19(l)(a), Fla. Stat. (1987) (emphasis added). The year after Timmeny issued, the Florida legislature amended section 440.19(l)(a) to add the Timmeny court's judicially crafted discovery provision to the statute. Effective January 1, 1994, the statute read:
(1) Except to the extent provided elsewhere in this section, all employee petitions for benefits under this chapter shall be barred unless the employee, or the employee's estate if the employee is deceased, has advised the employer of the injury or death pursuant to s.440.185(1) and the petition is filed within 2 years after the date on which the employee knew or should have known that the injury or death arose out of work performed in the course and scope of employment.
Ch. 93-415, § 23, Laws of Fla. (emphasis added).